May a divorce decree incorporating an agreement that the husband pay to the wife one-half of his monthly military retirement pay be modified upon petition of the husband upon remarriage of the wife?
The trial court held such payment to be periodic alimony and terminated it because of the remarriage of the former wife. We affirm
The parties were married for twenty-six years. The husband retired from the Navy in 1967, after twenty years of service During his military career, the family lived in California, Pennsylvania, Florida, Georgia and Alabama, with the majority of time spent in California. The parties were divorced March 12, 1979, in Alabama. The agreement between the parties, which was incorporated in the divorce decree, provided, in part, "that Raymond F. Smith, Jr., shall pay to Jewel E. Smith one-half of his retirement check. . . ." Subsequent to the wife's remarriage on February 2, 1980, the husband petitioned the trial court to modify that divorce decree to relieve him of the obligation to pay the wife one-half of his retirement check. He contended that the payment amounted to periodic alimony and, thus, was modifiable upon proof of changed circumstances. The wife answered that the payment was a property settlement and not subject to modification. The court granted the petition and released the husband from payment. The wife appeals
The contention of the wife that the retirement was hers as well as her husband's is made to no avail. The United States Supreme Court recently held in McCarty v. McCarty, ___ U.S ___, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) that retired pay of military retirees is the "personal *Page 710 
entitlement" of the retiree and is not subject to community property principles
The agreement of the parties incorporated in the divorce decree does not clearly set out the nature of the payment to the wife of one-half the government retirement check. This court held in Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App 1979), before McCarty, that an award of retirement benefits could not be treated as either a property settlement or alimony in gross. We held that Mr. Kabaci's retirement benefits, however, could be used as a source of income from which to pay periodic alimony. 373 So.2d at 1146. The court below, in an oretenus hearing, found the payment in this case to be periodic alimony and removed it due to the remarriage of the wife. We find no error in that finding
The wife's contention that she was denied equal protection of the law under the fourteenth amendment of the Constitution of the United States is not well taken. The plight of the ex-spouse of a retired service person is addressed in McCarty,101 S.Ct. at 2742
This cause is due to be affirmed
AFFIRMED
BRADLEY and HOLMES, JJ., concur