413 So.2d 1154 (1981)
Carol Sloan PEDIGO
v.
George Preston PEDIGO.
Civ. 2761.
Court of Civil Appeals of Alabama.
October 28, 1981.
As Corrected on Denial of Rehearing November 25, 1981.
*1155 Norma Harwood Self, Huntsville, for appellant.
No brief for appellee.
HOLMES, Judge.
This is a divorce case.
The divorce was granted on the grounds of incompatibility. The parties' property was divided and the wife was awarded periodic alimony. The wife appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in the award to the wife. As indicated, we find no such abuse as to require reversal and affirm.
Three children were born of the marriage. At the time of the divorce the two oldest children had reached majority and were no longer living in the parental home. The youngest child reached majority soon after the divorce but continued to live with her mother while attending college.
The husband-appellee is sixty years old and apparently in good health. He retired from the National Aeronautics and Space Administration in 1974. Though the husband had taken another job shortly after retirement in which he earned approximately $21,000 per year, at the time of the divorce the husband's sole source of income was payments from the civil service retirement annuity he had participated in while employed. These payments amounted to approximately $29,868 per year. By law these payments are subject to periodic cost of living adjustments.
The wife-appellant is fifty-one years old and apparently in good health. She had a Masters degree in education and has been employed as a teacher for the last twelve years. At the time of the divorce she earned approximately $17,900 per year. The youngest daughter of the parties resides with the wife while the daughter attends college.
The divorce decree required the husband to pay the wife $250 per month as alimony. In addition, the husband was to maintain the wife as beneficiary of a $38,000 life insurance policy carried through NASA. The wife was to maintain the husband as beneficiary of a $24,000 term life insurance policy. The decree also required the husband to pay $100 per month as child support until the youngest child reached majority. These payments have ceased, however, since *1156 the daughter reached majority soon after the divorce.
On the day of the trial, the parties entered into an agreement regarding a property division. The agreement required that the parties' home, sailboat and two sailboat trailers be sold and the proceeds divided equally between the parties. Stock owned by the parties was to be divided equally in kind. The parties were each allowed to retain a vehicle.
On appeal, the wife specifically maintains the trial court committed error in two instances. First, she contends that the award of alimony was so low that it constituted an abuse of the trial court's discretion. Second, she contends that the husband's retirement benefits constituted marital property which must be subject to division by the court in a property settlement and/or award of alimony in gross.
On divorce, the determination of the propriety and amount of alimony is left to the sound discretion of the trial court. The trial court's determination will not be reversed except for palpable abuse of its discretion. Armstrong v. Armstrong, 391 So.2d 124 (Ala.Civ.App.1980). Relevant factors to be considered by the trial court in awarding alimony include the earning ability of the parties, future prospects, age, health, duration of marriage, standard of living, value and type of property, and conduct of the parties. Williams v. Williams, 389 So.2d 141 (Ala.Civ.App.1980).
The record reflects that the wife is well educated and has been gainfully employed for the past twelve years as a school teacher. There is no evidence that her job is endangered. She has no minor children to care for though an adult child still resides with her. In addition to the periodic alimony, the wife is to receive one-half of the proceeds from the sale of the marital home. According to her own estimate, her share of the proceeds from the sale would amount to $25,000 to $27,000. Though the record contains no estimate of the value of the wife's share, she is also to receive one-half of the proceeds from the sale of the sailboat and sailboat trailers.
Based upon the foregoing, this court cannot say that the trial court abused its discretion in the amount of alimony it awarded to the wife.
The wife's contention that the husband's retirement benefits are marital property and therefore must be included in a division of property and/or award of alimony in gross is not well taken.[1]
This court has previously indicated that an award of military retirement benefits should not be treated as either a property settlement or alimony in gross. Holcomb v. Smith, 404 So.2d 709 (Ala.Civ.App., 1981); Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ. App.1979).
The instant retirement benefits may, in view of the above, clearly be considered as a source of income from which to pay periodic alimony. Holcomb v. Smith, supra; Kabaci v. Kabaci, supra. In the case before us, the trial court undoubtedly considered the husband's retirement benefits as the source of the alimony payments because those benefits were the only income the husband had. In so doing, the trial court did not commit error.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

ON APPLICATION FOR REHEARING
HOLMES, Judge.
OPINION CORRECTED. APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P. J., and BRADLEY, J., concur.
NOTES
[1] We would be remiss in not commenting that able counsel for the wife made an excellent presentation during oral argument.