This is an appeal from an order of the Circuit Court of Montgomery County, denying an employee's demand that he be allowed to purchase military service credit in the Employees' Retirement System of Alabama.
On October 28, 1981 employee commenced working for the State of Alabama, and on that same date became a member of the Employees' Retirement System.
Subsequently, approximately one year and four months later, employee was informed by a disinterested party that he was eligible for military service credit under the retirement plan because prior to his employment with the State he had served in the military. Immediately thereafter he contacted the staff of the Employees' Retirement System to inquire about obtaining the service credit. He was then informed that he was ineligible for the service credit because of his failure to comply with the required statutory period for qualification.
Employee's request to purchase military service credit was denied by the Board of Control of the Employees' Retirement System on November 14, 1984. Thereafter, employee appealed to the circuit court, where the decision of the Board was upheld.
Under the Employees' Retirement System, any employee who has had prior military service and meets the requirements of section 36-27-4 (d), Code 1975, may purchase service credit for prior military service. Pursuant to that provision, in order to receive such service credit, the employee must purchase or attempt to purchase the credit within one year after the commencement of his employment. *Page 766 
On appeal employee argues that he had no knowledge of his optional right to purchase military credit, and that he should therefore be entitled to purchase it now. He argues that to deny him the right to these optional benefits is to deny him his rights to due process and equal protection. He bases his equal protection argument on the fact that on one previous occasion the Board of the Employees' Retirement System allowed an employee to exercise his option after the statutory deadline had passed.
Employees' Retirement System states that the right to purchase credit for military service is provided by the public statutory law of this state, and that such law was distributed, publicized, and made available to the employee. Employees' Retirement System also states that it disseminated information to employee by distributing copies of the retirement law, distributing pamphlets explaining the retirement law (including that portion of the law which provides for the purchase of military service), preparing a column in the employees' newspaper, and by conducting regular seminars throughout the state to discuss the retirement system. Thus, Employees' Retirement System contends that information regarding the purchase of military credit was available to employee at all times and, therefore, he has no valid due process claim based upon lack of notice.
Employees' Retirement System also states that employee was not denied equal protection under the law. It admits that on one prior occasion almost seven years ago it did allow an employee to purchase military service credit later than one year after his initial employment. This case was the rare exception, however, and was allowed due to fault on the part of the Board. The record itself is replete with numerous denials of applications which were untimely filed.
After careful review of the applicable law, we conclude that due process does not require personal notice of the existence of a state law be given to every person who may qualify for some benefit under that law. See, Grueschow v. Harris,633 F.2d 1264 (8th Cir. 1980) (due process does not require that personal notice be given to all potentially eligible welfare recipients as to the creation of a new welfare program);Ornstein v. Regan, 604 F.2d 212 (2d Cir. 1979) (where applicable rules had always been available at the board's office, the application of a rule did not deny a claimant due process even where the rule barred his right to the benefits before he knew it existed).
Furthermore, as a matter of public policy, all men are charged with knowledge of the law pertaining to their transactions, and persons who deal with state governmental agencies are presumed to know the legal powers of those agencies. State ex rel. Attorney General v. Tarleton, 279 Ala. 555, 188 So.2d 516 (1966).
In the present case the period of limitations for purchasing military service credit is prescribed by state statute and both the statute and information regarding its application were readily available to employee at all times. Additionally, Employees' Retirement System presented testimony that the State does not have a system of determining all employees with prior military service. As such, there is no requirement that personal notification of a particular statute be given to them.
Although our decision may seem rather harsh, it is not this court's function to usurp the role of the legislature and amend statutory regulations under the guise of judicial construction.Employees' Retirement System v. Head, 369 So.2d 1227 (Ala. 1979). Consequently, we affirm the judgment of the circuit court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 767