L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in June 1986. The parties’ decree of divorce incorporated their agreement concerning the terms of the divorce. For purposes of this appeal, the pertinent part of the agreement is as follows:
“The parties agree that the Respondent [wife] shall receive one-half of all monthly sums paid to the Complainant [husband] as retirement benefits by the United States by virtue of Complainant’s retirement from the United States Air Force as property settlement.”
In 1989 the wife remarried. Because of her marriage, the husband ceased making the agreed payments. In 1990 the wife filed a petition for rule nisi seeking to hold the husband in contempt and to enforce the divorce decree by awarding her a judgment for unpaid retirement benefits. Following the taking of oral evidence, the court entered an order holding the agreement concerning the retirement benefits to be a property settlement. It awarded the wife $7,263 in arrearage; it further ordered that future payments were to continue regardless of the wife’s remarriage. The husband appeals.
Initially, the husband asserts that the trial court was in error in that its order was not in accord with the applicable case law and the applicable statutory authority.
The current law in Alabama provides that military retirement pay is not marital property subject to be divided by the court and awarded as alimony or a property division. Broadus v. Broadus, 470 So.2d 1239 (Ala.Civ.App.1985). This court determined recently that the prohibition against a court division of military retirement benefits as marital property does not extend to voluntary property settlements arranged by the parties and thereafter incorporated into a judicial decree. Williams v. Williams, 581 So.2d 1116 (Ala.Civ.App.1991). We find that decision to be dispositive of the submitted issue.
Alternatively, the husband complains that the trial court erred in finding that the agreement constituted a property settlement rather than an award of periodic alimony. He asserts that the facts and the agreement itself illustrate that the clear intent of the parties was to create an award of periodic alimony. The record and the unambiguous terms of the agreement do not support that assertion.
The record reflects that the husband was anxious to resolve the marital conflict. He signed the separation agreement to avoid further delay. He was represented by counsel during the negotiations. He testified that he questioned his attorney as to the effect of the term “property settlement” and that his attorney assured him that the term in the agreement meant “alimony.” The wife testified that the designation of the payments as a “property settlement” was intentional and was made to prevent a future termination or modification as periodic alimony.
*1153 The trial court heard the evidence and determined that the parties intended to effectuate a property settlement. The judgment of the trial court, in this instance, is presumed to be correct and will be set aside only if found to be plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). The court’s order is supported by the record. This case is affirmed.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.