This case involves a petition for termination of alimony filed by Dennis Stockbridge (husband).
The husband and Myung Reeves (wife) were divorced in April 1991. The parties had signed a settlement agreement, which was incorporated by reference into the divorce decree. The settlement agreement provided, in pertinent part:
"Property Settlement
 "23. The wife shall be entitled to the full amount of the disposable military retirement pension income of the husband, including any increases for whatever reason. The husband shall assign to the wife the military retirement pension income to the maximum extent allowed by law, and shall cause the remainder to be paid directly to the wife. Payment to the wife shall terminate upon the husband's death, the wife's death, or upon the termination of the military retirement pension income benefits for whatever reason beyond the husband's control. The amount of payments due the wife upon entry of the divorce decree is the maximum amount allowed by law; the present gross monthly payment to the husband is $1,162.00."
The wife remarried in June 1992. In July 1992 the husband filed a petition to terminate alimony. The husband contended that the above-stated provision awarded periodic alimony and should be terminated because the wife remarried. The wife answered, contending that the above-stated provision constituted a property settlement between the *Page 948 
parties. The wife further contended that the provision is such that it is not modifiable and that it does not terminate upon her remarriage.
After a hearing the trial court determined that the husband's petition was due to be denied. The trial court ordered that the husband's petition be dismissed.
The husband appeals. We affirm.
Our review of the record reveals that the husband was in the military for 20 years. He testified at the hearing that they were married for either 18 or 19 years of his military career. The husband was the party who filed for divorce. The parties, through their attorneys, negotiated the terms of the settlement agreement, which was incorporated into the divorce decree, and both parties signed the settlement agreement.
We would note that the pertinent provision provides that "[p]ayment to the wife shall terminate upon the husband'sdeath, the wife's death, or upon the termination of themilitary retirement pension income benefits for whatever reasonbeyond the husband's control." (Emphasis added.) This provision does not provide that the payments are to cease upon the remarriage of the wife. Further, we would note that there is a complete absence of the word "alimony" in this provision. However, this particular provision is the first paragraph under the heading entitled "Property Settlement."
The facts in the present case are very similar to those inHayes v. Wallace, 582 So.2d 1151 (Ala.Civ.App. 1991). In this case, as in Hayes, there was a disagreement as to the interpretation of the pertinent provision which had been agreed upon by the parties and examined, ratified, and incorporated by reference into the divorce decree by the trial court. The trial court, in the present case and in Hayes, heard the evidence presented at a hearing and determined that the parties intended to effectuate a property settlement. In this case, as in Hayes, the determination of the trial court is afforded a presumption of correctness and will not be disturbed on appeal unless it appears that such determination is plainly and palpably wrong.
After reviewing the record, this court finds that the trial court's determination was not plainly and palpably wrong.
This case is due to be affirmed.
The wife has requested an attorney's fee for representation on appeal. After considering all the relevant factors, we deny this request.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.