643 So.2d 1377 (1994)
Ex parte Randall AYERS.
(In re Randall AYERS v. Indy AYERS).
1931017.
Supreme Court of Alabama.
July 22, 1994.
George A. Nassaney, Jr., Tuscaloosa, for petitioner.
Jerry B. Baird and Elizabeth S. Davis of Prince, Baird & Poole, P.C., Tuscaloosa, for respondent.
PER CURIAM.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, INGRAM and COOK, JJ., concur.
MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., dissent.
STEAGALL, Justice (dissenting).
I respectfully dissent from the majority's denial of this petition for a writ of certiorari. Ala.Code 1975, § 30-2-55, provides that the trial court "shall" modify a divorce judgment to terminate alimony upon proof that the spouse receiving alimony is "living openly or cohabiting with a member of the opposite sex." "`Cohabitation has been defined as some permanency of relationship coupled with more than occasional sexual activity between the cohabitants.'" Castleberry v. Castleberry, 549 So.2d 516, 517 (Ala.Civ.App. 1989), quoting Tucker v. Tucker, 416 So.2d 1053, 1055 (Ala.Civ.App.1982).
Here, the trial court found that there was evidence from which Randall Ayers could conclude that his former wife and her boyfriend *1378 were cohabiting. The facts stated in the opinion of the Court of Civil Appeals, 643 So.2d 1375 (Ala.Civ.App.1994), and the additional facts Ayers has presented to this Court pursuant to Rule 39(k), Ala.R.App.P., strongly indicate cohabitation. By their own admission, the wife and her boyfriend have had regular sexual relations for approximately three years and have been monogamous. Throughout these three years, the wife's boyfriend has kept a key to her home and has spent at least two nights a week and most of every day there. The two have dinner together almost every night. Her boyfriend has regularly received mail, telephone calls, and visitors at the wife's home, regularly washes his clothes there, and keeps many of his personal belongings there. His parents and his son from a previous marriage have visited him at the wife's home. The boyfriend has been responsible for household chores, lawn care, and all repairs, and has been the exclusive driver of the wife's Porsche automobile. Although he has earned only about $400 to $500 per month working as a musician and at odd jobs, he has helped buy food and household necessities every month. He and his musical band have rehearsed in the wife's home regularly, and she has helped to manage and support the band.
While I recognize that the trial court has a great deal of discretion as to these factual matters, I think these facts warrant our granting the husband's petition to examine the record in full and to review the trial court's application of § 30-2-55 to the facts of this case.
MADDOX, J., concurs.