The parties were divorced in 1988. An agreement incorporated into the divorce judgment contained the following provision:
 "4. SPOUSAL SUPPORT: The wife shall receive the amount of Three Hundred Fifty and no/100 ($350.00) Dollars per month from the pension of Husband upon his retirement from active duty with the U.S. Army."
The former wife remarried in 1989. The former husband retired from the military in 1995. Then, claiming that paragraph 4 of the divorce judgment constituted a provision for periodic alimony that terminated upon the wife's remarriage, the former husband filed a motion to terminate the spousal support provided for in paragraph 4. After an ore tenus proceeding, the trial court determined that paragraph 4 outlined a property settlement that was nonmodifiable and nonterminable upon the former wife's remarriage. The former husband appealed. We reverse.
We hold that paragraph 4 constitutes a provision for periodic alimony rather than for alimony in gross. "In order for alimony to be considered 'in gross' it 'must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.' " Bonham v. Bonham,623 So.2d 337, 338 (Ala.Civ.App. 1993) (citations omitted). Here, the amount payable under the provisions of paragraph 4 is not certain.
The language of paragraph 4 is clear and unambiguous: the payments from the husband's military retirement account are designated "Spousal Support." The payments are not included in that portion of the divorce agreement entitled "Property Settlement." Cf. Stockbridge v. Reeves, 640 So.2d 947, 948
(Ala.Civ.App. 1994).
Although the language of the agreement is clear and unambiguous, the trial court received parol evidence of the parties' intent in drafting paragraph 4. Only the former husband testified. When he was asked why the *Page 152 
payments, if alimony, were "put off until such time as [he] retired," the former husband answered that under the terms of the divorce agreement he was already paying $103 per month in child support, $265 per month in mobile home payments, and $200 per month toward the parties' debts. He stated that he "just could not pay alimony at that time." However, when he learned from his attorney that his wife "was going to ask for alimony," then "the $350.00 became part of the divorce decree."
In 1988, when the agreement was drafted and incorporated into the divorce judgment, the law in Alabama was that
 "a husband's military retirement benefits c[ould] be applied only to the payment of periodic alimony, that such benefits c[ould] not be made the basis of a property division or of an award of alimony in gross. Tinsley v. Tinsley, 431 So.2d 1304 (Ala.Civ.App. 1983); Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ.App. 1981), writ quashed, 413 So.2d 1157 (Ala. 1982); Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979)."
Broadus v. Broadus, 470 So.2d 1239, 1240 (Ala.Civ.App. 1985). "All persons are presumed to know the law and to contract with reference thereto." United States Fid. Guar. Co. v. Couch,Inc., 472 So.2d 614, 617 (Ala. 1985) (quoting Globe IndemnityCo. v. Barnes, 288 S.W. 121, 123 (Tex.Com.App. 1926)). "[A]s a matter of public policy, all men are charged with knowledge of the law pertaining to their transactions." Turner v. StateEmployees' Retirement Sys., 485 So.2d 765, 766
(Ala.Civ.App. 1986).
Although the former prohibition against a court division of military benefits as marital property did not extend to voluntary property settlements arranged by the parties and incorporated into a divorce judgment, Williams v. Williams,581 So.2d 1116, 1119 (Ala.Civ.App. 1991), the status of the law with respect to military retirement benefits in 1988 lends support to the notion that the parties, both of whom were represented by counsel at the time of their divorce, did not intend to effectuate a property settlement by paragraph 4.
The judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with the principles outlined in this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.