THIGPEN, Judge.
This is a post-divorce case.
Wanda MUstead Hughes and William Evans Hughes, Jr., were divorced in July 1993. In its divorce judgment, the trial court ratified, confirmed, and incorporated an agreement reached between the parties. The agreement stated, in pertinent part:
“The Wife shall pay to the Husband as periodic alimony the sum of $7,200.00 within thirty days from the date of the divorce decree, and a monthly sum of $600.00, beginning on the first day of August, 1993, and continuing on the first day of each month thereafter until the Husband’s death, remarriage, or July 1, 1994, whichever first occurs.”
In March 1994, the husband filed a motion pursuant to Rule 60(b), A.R.Civ.P., or, alternatively, a request for declaratory relief. He contended, among other things, that the above-quoted provision did not accurately reflect the parties’ agreement, and that he was misled into signing the agreement. Specifically, he argued that the provision had been intended merely to effectuate a division of their marital property via alimony in gross, and that neither party had intended for the wife to pay the husband periodic alimony payments. Following a hearing, the trial court entered a declaratory judgment, finding that the provision was ambiguous. The judgment stated: “Even though the paragraph uses the phrase ‘periodic alimony,’ it is clear that the parties were effecting a property settlement. The phrase that should have been utilized is ‘alimony in gross.’ ” The wife appeals.
The only issue presented on appeal is whether the trial court erred by determining that the provision in the divorce judgment was ambiguous, and by declaring the provision to be an award of alimony in gross.
The wife contends that the provision is not ambiguous. She argues that the provision meets all of the legal requirements for periodic alimony and is “legally incapable” of constituting an award of alimony in gross. We note that the concern regarding the characterization of the award involves the tax implications for both parties.
In Trammell v. Trammell, 523 So.2d 437, 439 (Ala.Civ.App.1988), this court noted the general recognition “that when a written agreement exists the writing is considered to be the sole expositor of the transaction and the intent of the parties involved unless there was fraud, mistake, or an ambiguity.” It is *354 well settled that in order to be considered alimony in gross, the award must satisfy two requirements: (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974); Bonham v. Bonham, 623 So.2d 337 (Ala.Civ.App.1993); Boley v. Boley, 589 So.2d 1297 (Ala.Civ.App.1991). Moreover, “[t]he intent to award alimony in gross must be unequivocally expressed or necessarily inferred from the language used.” Bonham, 623 So.2d at 338.
After a thorough review, we conclude that the language in the provision is unambiguous; therefore, the trial court erred as a matter of law in permitting the admission of extrinsic evidence, and in determining that the provision constituted an award of alimony in gross. Notwithstanding the fact that the agreement provision clearly denominates the award as “periodic alimony,” it also contains certain contingencies, namely, the husband’s death or remarriage, that make a determination of an exact amount due impossible.
Accordingly, the judgment of the trial court is due to be reversed, and the cause remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.