On Application For Rehearing
This court's original opinion, dated September 20, 1996, is withdrawn, and the following is substituted therefor:
The trial court divorced the parties in January 1984, incorporating into the divorce judgment an agreement of the parties, which provided, in part:
 "1. MILITARY RETIREMENT PAY. The husband is retired from the United States Army . . . and accordingly receives military retirement pay monthly. The parties hereby agree that the Wife shall receive from said retirement pay the sum of Six Hundred Fifty ($650.00) Dollars per month for ten (10) calendar months commencing February 1, 1984. After said ten-month period, the Wife shall receive the sum of Four Hundred Fifty ($450.00) Dollars per month, said payments to be made directly to the Wife commencing the first day of the month following the aforementioned ten-month period, and to continue each and every month thereafter until the death of either party, whichever shall sooner occur. . . ."
That agreement also contained a separate section entitled "Property Settlement," whereby the parties disposed of various items of real and personal property.
In February 1995, the husband petitioned for a modification of the divorce judgment, claiming that the monthly payments he was required to make to the wife from his military retirement benefits were, in fact, periodic alimony, and requesting the court to terminate his obligation to make those payments because the wife had remarried. In March 1995, the wife moved to dismiss the husband's petition, contending that the provision regarding military retirement benefits was a property settlement and not periodic alimony, and, therefore, that it could not be modified, except by agreement of the parties. The wife also asked the court to find the husband in contempt for his noncompliance with the divorce judgment and to award her a reasonable attorney fee. Following an ore tenus proceeding, the court dismissed the husband's petition, holding that "the provision . . . concerning military retirement pay is in the nature of a property settlement and not periodic alimony and therefore is not subject to modification." A subsequent hearing was held on the wife's contempt citation and motion for an attorney fee. At this hearing, the husband requested the court to reconsider its ruling on his modification petition. The court held that the husband was not in contempt; awarded the wife an attorney fee of $900; and denied the husband's motion to reconsider its ruling. The husband appeals, contending that the trial court erred in determining that the division of military retirement benefits was a property settlement and in its award of an attorney fee.
The parties had been married for 29 years. When the parties entered into the settlement agreement, the wife was represented by an attorney; the husband was not. The wife testified that she had told the husband that after 29 years of marriage she believed she was as much entitled to the retirement pay as he was, and that he had agreed with her. She further stated that her attorney had read the settlement agreement to the parties and that they had discussed it. The husband testified that the provisions of the agreement and their legal effect were not explained to him in detail. The husband acknowledged that nothing in the agreement provides that the payments to the wife from his military retirement would terminate upon her remarriage. He stated, "Well, I just, I thought upon remarriage it automatically, these things ceased and; so did many other people, which I guess was my error, my misunderstanding or whatever."
In 1984, when the parties entered into the settlement agreement, the law in Alabama regarding military retirement benefits was that an award of military retirement *Page 882 
benefits could not be treated as a property settlement or as alimony in gross. Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979). However, military retirement benefits could be considered as a source of income from which to pay periodic alimony. Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ.App. 1981),cert. quashed, 413 So.2d 1157 (Ala. 1982). The prohibition against awarding military retirement benefits as part of a property division, or as alimony in gross, did not extend to a voluntary settlement agreement that was incorporated into a divorce judgment. Holcomb v. Smith, 404 So.2d 709
(Ala.Civ.App. 1981); Williams v. Williams, 581 So.2d 1116
(Ala.Civ.App. 1991). See also, Epperson v. Epperson,437 So.2d 571 (Ala.Civ.App. 1983). A divorce judgment may not be modified to change a property division or an award of alimony in gross after the lapse of 30 days from the date of the entry of the judgment. Tinsley v. Tinsley, 431 So.2d 1304
(Ala.Civ.App. 1983); Garris v. Garris, 643 So.2d 993
(Ala.Civ.App. 1994). In 1993, our supreme court in Ex parte Vaughn,634 So.2d 533 (Ala. 1993), overruled Kabaci and held that military retirement benefits accumulated during the course of the marriage constitute marital property and are subject to an equitable division between the parties.
In Vainrib v. Downey, 565 So.2d 647 (Ala.Civ.App. 1990), the husband petitioned to modify a divorce judgment that had incorporated an agreement between the parties, which contained a section entitled "Plaintiff's Military Retirement Benefits"; by that section the wife was to receive 50% of the husband's retirement benefits at the time of his retirement. There was also a provision in the agreement entitled "Alimony." The husband alleged that the wife had remarried and no longer needed any support that would be provided from his retirement benefits. He further alleged that the provision was ambiguous and in need of clarification by the court. The trial court found the terms of the agreement to be clear and unambiguous and specifically held the provision to be a property settlement and not modifiable. This court affirmed, based on principles of contract law, stating that the pertinent provision was "certain, clear, and unambiguous, and susceptible to only one reasonable interpretation," and that the trial court's interpretation was "consistent with the clear and plain meaning of the terms of the agreement." Id. at 648.
In Stockbridge v. Reeves, 640 So.2d 947 (Ala.Civ.App. 1994), the parties entered into a settlement agreement that was incorporated into the divorce judgment. The section entitled "Property Settlement" provided that the husband's military retirement benefits would be paid to the wife and that the payment of those benefits would "terminate upon the husband's death, the wife's death, or . . . the termination of the military retirement pension income benefits for whatever reason beyond the husband's control." Id. at 947. The husband petitioned to terminate alimony, contending that the provision awarded periodic alimony and should be terminated because of the wife's remarriage. This court affirmed the trial court's dismissal of the husband's petition, noting that the pertinent provision of the settlement agreement did not state that the payments would cease upon the remarriage of the wife. This court also noted that the provision was contained in the section of the agreement entitled "Property Settlement" and that it did not contain the term "alimony." Id.
In this case, the pertinent provision provides that the payments to the wife shall "continue each and every month . . . until the death of either party, whichever shall sooner occur." As in Stockbridge, this provision does not provide that the payments to the wife shall terminate upon her remarriage. It also lacks any reference to "alimony." The terms of this provision are "certain, clear, and unambiguous, and susceptible to only one reasonable interpretation." Vainrib, supra, at 648. We acknowledge that the pertinent provision of the settlement agreement does not appear in the section entitled "Property Settlement." We also note that the parties negotiated this settlement agreement and that the trial court ratified it and incorporated it by reference into the final divorce judgment in 1984. The court heard ore tenus evidence from the parties concerning their negotiations and the circumstances surrounding their entering into the settlement agreement, and it determined that the agreement was in the nature of a property settlement *Page 883 
and not periodic alimony and, therefore, was not modifiable. The trial court's judgment is presumed to be correct and will not be disturbed on appeal unless plainly and palpably wrong.Hayes v. Wallace, 582 So.2d 1151 (Ala.Civ.App. 1991). After reviewing the record, we cannot say that the judgment of the trial court was plainly and palpably wrong.
The husband next contends that the court abused its discretion in awarding the wife a $900 attorney fee, because the court did not find him in contempt. An attorney fee is ordinarily available in a modification proceeding because it is merely an extension of the original divorce action, and such a fee may be awarded without a finding of contempt. Ayers v.Ayers, 643 So.2d 1375 (Ala.Civ.App. 1994), cert. denied,643 So.2d 1377 (Ala. 1994). Such an award is discretionary with the trial court and will not be set aside on appeal absent an abuse of that discretion. Id. In order for an attorney fee to be awarded, it must first be requested, or else the issue must be tried by the express or implied consent of the parties. Id.
Additionally, a trial court is presumed to have knowledge from which it may set a reasonable attorney fee, even when there is no evidence as to the reasonableness of the attorney fee.Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App. 1986). Here, the wife properly requested an attorney fee for defending the petition to modify. After reviewing the record, we conclude that the court did not abuse its discretion.
The wife's request for an attorney fee on appeal is denied.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
ROBERTSON, P.J., concurs.
MONROE, J., concurs specially.
THIGPEN and CRAWLEY, JJ., concur in part and dissent in part.