I concur in the majority's decision to affirm those portions of the judgment dealing with the division of the parties' assets, with the failure to assess an attorney fee against the husband, with language specifying the wife's entitlement to military privileges, and with COBRA benefits. I must respectfully dissent, however, from the majority's decision to remand this cause to the trial court with instructions that the trial court clarify whether the award to the wife of one-half the husband's military retirement pay was a property settlement or was periodic alimony. I believe this court can, and should, decide that issue without a remand to the trial court.
The law is clear that in order for an award to constitute a property settlement, the amount and time of payment must be certain and the right to payment must be vested and not subject to modification. Segers v. Segers, 655 So.2d 1014, 1016
(Ala.Civ.App. 1995). Here, the amount of the husband's retirement pay is not certain, and the award is, therefore, one of periodic alimony. See Barber v. Barber, 684 So.2d 150
(Ala.Civ.App. 1996). If the wife's portion of the military retirement pay is periodic alimony, then this court need not remand with instructions that the trial court reserve the issue of alimony. The trial court has already awarded alimony. That award is, of course, modifiable upon a showing of changed circumstances, such as a deterioration in the wife's physical condition or ability to work. See Griffin v. Griffin,479 So.2d 1283 (Ala.Civ.App. 1985). *Page 893