*19
 
 MOORE, Judge.
 

 Harry Franklin Brunner (“the former husband”) appeals from a judgment of the Cullman Circuit Court in a post-divorce proceeding.
 

 Procedural History
 

 On July 15, 2003, the former husband and Beverly T. Brunner Ormsby (“the former wife”) were divorced by a judgment of the Cullman Circuit Court that incorporated an agreement between the parties. That agreement contained the following provision:
 

 “ALIMONY:
 

 “1. That the Husband shall pay to the Wife the sum of Two Thousand & No/100 Dollars ($2,000.00) per month as alimony in gross. Said sum shall be paid on the first day of each month beginning July 1, 2003. The Husband’s obligation hereunder shall terminate upon the first to occur of the following events: the Husband is no longer a full-time active sitting Judge, death of the Husband, or death of the Wife. It is the intention of the parties that this transfer not be taxed to the Wife or deductible by the Husband.”
 

 The agreement also provided that the former husband must provide the former wife proof that he was maintaining a life insurance policy on his life for the benefit of the former wife.
 

 On June 12, 2006, the former wife filed a petition for a rule nisi alleging that the former husband had not provided her proof of continuing life insurance coverage. She further alleged that the former husband had failed to pay his alimony payment for June 2006 and had stated his intention to cease making those payments. The former wife requested that the former husband be held in contempt for his alleged violation of the divorce judgment. On June 30, 2006, the former husband answered the former wife’s petition for a rule nisi and counterpetitioned for the termination of his alimony obligation based on the former wife’s having remarried. On July 24, 2006, the former wife filed an answer to the former husband’s counter-petition as well as a motion pursuant to Rule 12(b)(1), 12(b)(6), and/or 12(c), Ala. R. Civ. P. (“the Rule 12 motion”). On August 1, 2006, the former husband responded to the former wife’s Rule 12 motion. The former wife filed a brief in support of her Rule 12 motion on September 29, 2006.
 

 The court held a hearing on the former wife’s Rule 12 motion on October 24, 2006, and, on November 20, 2006, the trial court entered an order stating, in pertinent part:
 

 “The parties clearly designated the award as alimony in gross and stated that such sums should not be taxed to the [former] Wife or deductible by the [former] Husband. Based on this wording, it is clear to this Court that the intent of the parties was to establish alimony in gross for the benefit of the [former wife].
 

 “[The former husband] argues that although the designation exists, the uncertainty of the amount of the alimony and the termination clause support a conclusion that the payments are in fact periodic alimony.
 

 “In
 
 Hager v. Hager,
 
 293, Ala. 47, 299 So.2d 743 (1974), the Supreme Court of Alabama interpreted a clause in a Decree of Divorce which contained a termination clause similar to the one in this matter. The Court held that alimony in gross is not modifiable and that the unmodifiable character of alimony in gross is not affected by a termination clause. In that case, the alimony payments terminated upon the death of the Wife.
 

 “[The former husband] also argues that there is no known sum certain in the total amount of alimony which he
 
 *20
 
 may pay. This may be so but this Court finds that there is an age limit to his ability to remain an active sitting Judge should he not leave the bench before such time. The Court also finds that [the former husband’s] intent at the time of entering the agreement was to provide alimony in gross to [the former wife] and that [the former wife] gave up certain rights and assets in exchange.
 

 “THEREFORE, this Court finds that the alimony provision of the Decree of Divorce in this matter is in the nature of alimony in gross and cannot be modified.”
 

 After a hearing on February 22, 2007, the trial court entered an order on May 7, 2007, stating as follows:
 

 “In an Order entered on November 20, 2006, this Court found that the alimony provision in the Decree of Divorce between the parties herein was in the nature of alimony in gross. Further, this Court found that the alimony could not be modified.
 

 “This Court having heard sworn testimony and considered the evidence presented finds as follows:
 

 “The parties were divorced on July 15, 2003 and the Judgment of Divorce incorporated the Agreement of the Parties which was negotiated between the [former husband] and [former wife].
 

 “At the time of the divorce between the parties, the [former husband] was a Circuit Judge and remains in that position. The [former wife] is unemployed. Her work history involves jobs paying $10.00 or $11.00 per hour.
 

 “Pursuant to the Agreement, the [former husband] herein was ordered by the Decree of Divorce to maintain life insurance coverage on his life for the benefit of the [former wife] in the sum of $135,000 and to provide to [former wife] proof of said coverage.
 

 “The [former husband], although claiming to have kept the life insurance coverage in full force and effect, has failed to provide to [the former wife] proof of same after being requested to do so.
 

 “Also pursuant to the Agreement, the [former husband] herein agreed to and was ordered by the Decree of Divorce to pay to the [former wife] alimony in gross by paying $2,000.00 each month. By a previous ruling in this matter, this Court found that the payments set out in the Decree of Divorce and described therein as ‘alimony in gross’ do constitute alimony in gross. [The former husband] paid the alimony until July of 2006 when he stopped payment.
 

 “At the time of this hearing, the [former husband] owes to the [former wife] the sum of $16,560.00 which amount includes alimony from July 2006 through February 2007 of $2,000.00 per month plus interest.
 

 “Based on the foregoing, this Court grants the [former wifej’s Petition for Rule Nisi [and] finds that the [former husband] is in contempt of the Court’s Decree of Divorce by failing to provide proof of life insurance coverage to the [former wife] when requested to do so and by voluntarily failing to pay alimony to the [former wife] as ordered when he was able to do so.
 

 “Disposition as to this finding of Contempt is reserved by this Court in order for the [former husband] to provide proof of life insurance coverage to the [former wife] and to pay the sum of $16,500.00 to the [former wife] within 30 days of this order.
 

 “Should the [former husband] fail to provide the proof of coverage and sum set out above which is owed to the [former wife] within 30 days, the [former
 
 *21
 
 wife] may request by written motion a hearing regarding further disposition of this case.
 

 “[The former husbandj’s Petition to Modify is denied.”
 

 “Attorney fees are hereby awarded to Randall W. Nichols in the sum of $7,500.00 and to Christopher M. Hopkins in the sum of $2,000.00 for representation of the [former wife] to be paid to them by the [former husband] within 90 days.
 

 “Costs are hereby taxed to the [former husband].”
 

 On June 1, 2007, the former husband filed a motion to alter, amend, or vacate the court’s May 9, 2007, order. On July 17, 2007, the former husband filed an amended motion to alter, amend, or vacate the court’s May 9, 2007, order. On July 20, 2007, the former husband filed a motion to stay enforcement of the May 9, 2007, order pending the resolution of an appeal the former husband expected to file. On July 20, 2007, the parties filed a joint motion to certify the May 9, 2007, order as final, pursuant to Rule 54(b), Ala. R. Civ. P. In that motion, the parties averred that “issues regarding disposition of the Court’s contempt finding will be directly affected by the appellate decisions regarding the other issues resolved in said Order and, therefore, that there is no just reason to delay certification of all issues other than the disposition as to the finding of contempt as a Final Order pursuant to [Ala. R. Civ. P„ Rule] 54(b).”
 

 On July 27, 2007, the trial court entered an order stating:
 

 “1. The [former husband’s] Motion to Alter, Amend or Vacate (as Amended) has been considered by this Court.
 

 “2.
 
 In its May [9], 2007 Order, this Court resolved issues pertaining to the [former wife’s] Petition for Rule Nisi, finding the [former husband] to be in contempt for failure to pay alimony in gross and for failure to provide life insurance coverage.
 

 “3. In its Order, the Court reserved disposition with regard to the contempt charge in order to allow the [former husband] an opportunity to comply with the Court’s prior orders.
 

 “4. The Court is of the opinion that the disposition as [to] a finding of contempt may be equitably delayed pending resolution of the other aspects of this court’s May [9], 2007 Order. There is, therefore, no just reason to delay entry of a final order with regard to those aspects of the Order other than the disposition of contempt.
 

 “It is, therefore, ORDERED, ADJUDGED and DECREED as follows:
 

 “A. The [former husband]’s Motion to Alter, Amend or Vacate (As Amended) is DENIED.
 

 “B. There is no just reason to delay entry of a final judgment regarding all aspects of this Court’s May [9], 2007 Order other than its preservation as to the disposition of its finding of contempt.
 

 “C. All other aspects of said Order are thus directed to be, and by this Order are to be construed as, a Final Judgment pursuant to [Ala. R. Civ. P., Rule] 54(b). Lest there be confusion, the Court hereby certifies the following as its FINAL ORDER:
 

 “1. The parties were divorced on July 15, 2003 and the judgment of Divorce incorporated the Agreement of the Parties which was negotiated between the [former husband] and [the former wife].
 

 “2. At the time of the divorce between the parties, the [former husband] was a Circuit judge and remains in that position. The [former wife] is unem
 
 *22
 
 ployed. Her work history involves jobs paying $10.00 or $11.00 per hour.
 

 “3. Pursuant to the Agreement, the [former husband] herein was ordered by the Decree of Divorce to maintain life insurance coverage on his life for the benefit of the [former wife] in the sum of $135,000 and to provide to [the former wife] proof of said coverage.
 

 “4. The [former husband], although claiming to have kept the life insurance coverage in full force and effect, has failed to provide to [the former wife] proof of same after being requested to do so.
 

 “5. Also pursuant to the Agreement, the [former husband] herein agreed to and was ordered by the Decree of Divorce to pay to the [former wife] alimony in gross by paying $2,000.00 each month. By a previous ruling in this matter, this Court found that the payments set out in the Decree of Divorce and described therein as ‘alimony in gross’ do constitute alimony in gross. [The former husband] paid the alimony until July of 2006 when he stopped payment.
 

 “6. At the time of this hearing, the [former husband] owes to the [former wife] the sum of $16,560.00 which amount includes alimony from July 2006 through February 2007 of $2,000.00 per month plus interest.
 

 “7. Based on the foregoing, this Court grants the [former wife]’s Petition for Rule Nisi [and] finds that the [former husband] is in contempt of the Court’s Decree of Divorce by failing to provide proof of life insurance coverage to the [former wife] when requested to do so and by voluntarily failing to pay alimony to the [former wife] as ordered when he was able to do so.
 

 “8. Disposition as to this finding of Contempt is reserved by this Court in order for the [former husband] to provide proof of life insurance coverage to the [former wife] and to pay the sum of $16,500.00 to the [former wife] within 30 days of this order.
 

 “9. [The former husband]’s Petition to Modify is denied.
 

 “10. Attorney fees are hereby awarded to Randall W. Nichols in the sum of $7,500.00 and to Christopher M. Hopkins in the sum of $2,000.00 for the representation of the [former wife] to be paid to them by the [former husband] within 90 days.
 

 “11. Costs are hereby taxed to the [former husband].”
 

 That same day, the court entered a stay of the court’s May 9, 2007, order. On August 10, 2007, the former husband filed his notice of appeal.
 

 Discussion
 

 On appeal, the former husband argues that the divorce judgment provided that he must pay periodic alimony, not alimony in gross, and that the trial court exceeded its discretion by ordering him to continue paying alimony after the former wife had remarried. He also argues that because the divorce judgment provides for periodic alimony, the trial court’s award of an attorney fee to the former wife should be reversed. We find the former husband’s arguments unpersuasive.
 

 “The words of an agreement are to be given them ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract.
 
 Smith v. Citicorp Person-to-Person Financial Centers, Inc.,
 
 477 So.2d 308 (Ala.1985). When the provisions are certain and clear, it is the duty of the trial court to analyze and determine the meaning of the provisions.
 
 Pate v. Merchants National Bank of Mobile,
 
 428 So.2d 37 (Ala.1983). Where an ambigui
 
 *23
 
 ty exists, the trial court may admit parol evidence to explain or clarify the ambiguity.
 
 Mass Appraisal Services, Inc. v. Carmichael,
 
 404 So.2d 666 (Ala.1981).”
 

 Vainrib v. Downey,
 
 565 So.2d 647, 648 (Ala.Civ.App.1990).
 

 “ ‘The intent to award alimony in gross should be unequivocally expressed or necessarily inferred from the language used.’ ”
 
 Trammell v. Trammell,
 
 523 So.2d 437, 439 (Ala.Civ.App.1988) (quoting
 
 Banks v. Banks,
 
 336 So.2d 1365, 1367 (Ala.Civ.App.1976)). “For an alimony award to be considered in gross, ‘it should be unequivocally expressed in the decree and it must meet and satisfy two requirements, i.e., (1) the time of payment and the amount must be certain; (2) the right to alimony must be vested.’ ”
 
 Trammell,
 
 523 So.2d at 439 (quoting
 
 Montgomery v. Montgomery,
 
 275 Ala. 364, 366, 155 So.2d 317, 319 (1963)). “[T]he term ‘vested’ simply signifies that an award of ‘alimony in gross’ is not subject to modification.”
 
 Hager v. Hager,
 
 293 Ala. 47, 54, 299 So.2d 743, 750 (1974). In
 
 Hager, supra,
 
 our supreme court held that a clause providing that alimony would terminate upon the death of the payee spouse would not prevent that award from being unmodifiable if the award was intended to be alimony in gross.
 
 Hager,
 
 293 Ala. at 55, 299 So.2d at 750.
 

 In the present case, the parties expressly stated that the alimony award was “in gross.” The parties also stated their intent that the payments not be treated as taxable income by the former wife or as a tax deduction by the former husband. The former husband admits in his brief that this provision lends support to the former wife’s argument that the alimony award was intended to be “in gross.”
 
 See generally Kelley v. State Dep’t of Revenue,
 
 796 So.2d 1114 (Ala.Civ.App.2000) (discussing the tax consequences of an award of periodic alimony versus the tax consequences of a property settlement).
 

 Despite these two provisions, which clearly indicate the parties’ intention to designate the alimony as “alimony in gross,” the former husband argues that because the agreement provided that the alimony would terminate at the death of either party or when the former husband is no longer a full-time active circuit judge, the determination of an exact amount of alimony is impossible, and, therefore, “the alimony provision is legally incapable of being alimony in gross.” He cites
 
 Hughes v. Hughes,
 
 703 So.2d 352 (Ala.Civ.App.1996), in support of his argument. We, however, find
 
 Hughes
 
 easily distinguishable from the present case. In
 
 Hughes,
 
 the agreement at issue specifically designated the alimony as “periodic alimony” and provided for termination of that alimony obligation upon the payee spouse’s death or remarriage. On the other hand, in the present case, the agreement specifically designated the alimony as “alimony in gross” and did not contain a clause providing for termination of the obligation upon the remarriage of the former wife.
 

 We find the alimony provision in this case to be analogous to the one in
 
 Stockbridge v. Reeves,
 
 640 So.2d 947 (Ala.Civ.App.1994). The alimony provision at issue in
 
 Stockbridge
 
 provided that the husband “ ‘shall assign to the wife [his] military retirement pension income to the maximum extent allowed by law, and shall cause the remainder to be paid directly to the wife.’ ” The payments were to terminate “ ‘upon the husband’s death, the wife’s death, or upon the termination of the military retirement pension income benefit for whatever reason beyond the husband’s control.’ ”
 
 Stockbridge,
 
 640 So.2d at 947. This court noted that the provision did not provide for termination of the alimony payments upon the wife’s
 
 *24
 
 remarriage. This court further noted that, after hearing evidence at a hearing, the trial court had determined that the parties had intended to effectuate a property settlement.
 
 [1]
 

 In the present case, although the alimony provision specifically provided for termination of the former husband’s alimony obligation upon either of the parties’ deaths or when the former husband is no longer a full-time active circuit judge, it did not provide for termination upon the former wife’s remarriage. Further, the former wife testified that she had given up any right to the former husband’s retirement benefits in exchange for the alimony-in-gross provision. She further testified that, before she filed her petition for a rule nisi, the former husband had told her that he had “read the divorce correctly” and that his alimony obligation only terminated if he died, if the former wife died, or if he was no longer a sitting judge, but that he hoped that one day she would “let him out of’ the obligation. She testified that he had later informed her that he did not know if he was going to pay the alimony payments anymore and that he had obtained “some good legal advice.” Finally, the former husband admitted at trial that, during the more than 12 years he had been a circuit judge, he had tried several divorce cases and had entered divorce judgments. Clearly, based on his experience, it is reasonable to infer that the former husband knew the legal ramifications of designating the alimony referred to in the agreement as “alimony in gross.”
 

 Based on the foregoing, we conclude that the trial court correctly found that the alimony provision in the parties’ agreement was in the nature of “alimony in gross” and was, therefore, nonmodifiable. Our resolution of this issue renders the former husband’s argument with regard to the award of attorney fees moot. Accordingly, we affirm the judgment of the trial court.
 

 The former wife’s request for an attorney fee on appeal is granted in the amount of $2,000.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 THOMAS, J., recuses herself.
 

 [1]
 

 . "[A]limony in gross is nonmodifiable and is in the nature of 'a property settlement award.’ "
 
 Laminack v. Laminack,
 
 675 So.2d 479, 481 (Ala.Civ.App.1996) (quoting
 
 Hager,
 
 293 Ala. at 55, 299 So.2d at 751).