MURDOCK, Justice
(dissenting).
I respectfully dissent from the denial of certiorari review in this case. I write briefly to explain my concerns.
First, it is well established that, because alimony in gross cannot be altered once ordered, a provision in a divorce judgment for alimony in gross should be “unequivocally expressed” by, or “necessarily” inferred from, the language used. Brunner v. Ormsby, 10 So.3d 18 (Ala.Civ.App.2008); Le Maistre v. Baker, 268 Ala. 295, 299, 105 So.2d 867, 870 (1958). The provision of the divorce judgment at issue here simply does not meet this standard.
Second, and to the contrary, a provision for monthly payments to continue for a period of eight years appears on its face to contemplate payments to be made from the ongoing earnings of the payor spouse, not some division of property already held in the estate of that spouse at the time of the divorce. Furthermore, the payments here were structured to end at the wife’s death, a fact suggesting an intent to help rehabilitate or support the wife and inconsistent with a “vested” transfer of property rights (the opinion in Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974), notwithstanding).
The Court of Civil Appeals relies heavily on the fact that the obligation here is secured by life insurance and a security interest in certain property owned by the husband. Lacey v. Lacey, 126 So.3d 1029 (Ala.Civ.App.2013). It is the intrinsic nature of the obligation, however, not the nature of that which secures its payment, to which we primarily should look in assessing the nature of the obligation. Moreover, life insurance commonly is prescribed in divorce judgments in which periodic alimony is awarded; I do not see the provision for it here as particularly remarkable in regard to the issue at hand.[1] The other security ordered, a security interest in certain property owned by the husband, can be seen as a means by which the trial court simply sought to assure the continuation of periodic payments for the wife’s support during the husband’s life, a purpose obviously not served by the life insurance.
The Court of Civil Appeals also relies upon a statement in Hager, 293 Ala. at 54, 299 So.2d at 750, that “ ‘[w]e have found no case which holds that the unmodifiable character of “alimony in gross” is changed by a clause that terminates the installments in case of the [payee’s] death.’ ” 126 So.3d at 1034. In Hager, however, the *1037 divorce judgment explicitly designated the obligation as “alimony in gross.” The question before the Court in Hager was whether the fact that this obligation was to terminate upon the payee spouse’s death also somehow subjected it to court-ordered modification during the payee spouse’s life. As the Court of Civil Appeals more recently explained in Brunner v. Ormsby, 10 So.3d 18 (Ala.Civ.App.2008), “[i]n Hager ... our [S]upreme [Cjourt held that a clause providing that alimony would terminate upon the death of the payee spouse would not prevent that award from being unmodifiable if the award was intended to be alimony in gross.” 10 So.3d at 23 (citing Hager, 293 Ala. at 55, 299 So.2d at 750). That is, given the facts in Hager, this Court was not so much concerned with whether those payments were, in fact, alimony in gross, as it was with whether the fact that the payment of that alimony would terminate at the payee spouse’s death would somehow also make it modifiable during the payee spouse’s life.
The trial court in the present case held that it was the intent of the original divorce judgment to provide for periodic alimony. The petition before us argues that the Court of Civil Appeals erred in not affirming this interpretation of the divorce judgment. Because I believe there is probable merit in that petition, I respectfully dissent from its denial.

. The Court of Civil Appeals states that "life insurance may not be used to fund an obligation that is terminable at death.” Lacey, 126 So.3d at 1034. I find no authority for this proposition. As support for it, the Court of Civil Appeals cites a special writing of one judge in Alexander v. Alexander, 65 So.3d 958, 968-69 (Ala.Civ.App.2010) (Moore, J., concurring in the result) ("I agree with die husband that the obligation to pay periodic alimony ends upon the death of the obligor spouse; thus, life insurance cannot possibly be ordered to 'secure' that obligation.”). The very reason that most cases such as this find their way into appellate courts for resolution, however, is that the trial court has mixed and matched different attributes normally associated with either periodic alimony or alimony in gross. It is one thing to note that one of the attributes of periodic alimony normally is its payment only during the life of the payor spouse and that because of this it need not be and perhaps logically should not be "secured” by life insurance. It is quite another in the context of such cases to establish an overriding or absolute rule that whenever a court of equity orders a purchase of life insurance, it “cannot possibly " have intended a separate stream of payments from the payor spouse to be periodic alimony if it has used the term "secured” and thereby, perhaps carelessly or perhaps deliberately, connected that stream of payments with the provision for the additional benefit of life insurance.