155 So.2d 317

**Eardeal Young MONTGOMERY**

**v.**

**R. Morel MONTGOMERY.**

**6 Div. 646.**

Supreme Court of Alabama.

June 20, 1963.

Rogers, Howard, Redden & Mills and Davies, Williams & Wallace, Birmingham, for appellant.

Matt H. Murphy, Jr., Birmingham, for appellee.

SIMPSON, Justice.

This case was originally assigned to another Justice, but was recently re-assigned to the writer for study and preparation of the opinion.

The appeal is from a decree of the Jefferson County Circuit Court, in Equity, denying the complainant's petition for further modification of a divorce decree, a vinculo matrimonii, awarding her alimony. The respondent cross-petitioned seeking further modification of the decree so as to relieve him altogether of making any further payments of alimony. The lower court denied relief to both parties. The complainant appeals and the respondent has cross-assigned errors.

The parties were married February 20, 1953, and were divorced on May 22, 1957. They had no children. The divorce decree ratified and confirmed an agreement between the parties providing that the husband (appellee) should pay to the wife (appellant) "as alimony, the sum of Three Hundred Dollars ($300.00) monthly for the rest of her natural life unless the complainant shall again marry".

Appellee had, on January 23, 1959, filed a petition to modify the decree of May 22, 1957, on the ground that appellant was self-supporting and could continue to be self-supporting and was in no further need of alimony from him. The petition prayed that a decree be rendered forever releasing him from further alimony payments. A hearing was had on this petition and a decree of modification was rendered on May 14, 1959, reducing the monthly payments from $300.00 to $150.00.

Then on July 13, 1960 appellant filed the present petition to modify this last decree,

seeking reinstatement of the $300.00 per month payment. The apparent bases of the petition are: (1) "the original decree of divorce incorporated an unconditional agreement on the part of the respondent [husband] to pay to your complainant [wife] the sum of Three Hundred Dollars ($300.00) per month for her support and maintenance"; and (2) "since the rendering of said decree of modification your complainant's income from her personal efforts has been greatly reduced and has been wholly insufficient for her to meet the obligations which she has for providing herself with the necessities of life * * *". Also, the petition alleges the husband is well able to make a substantially greater payment than the $150.00 provided in the lower court's order.

Numerous rulings on evidence by the lower court are assigned as error. Most were either argued in brief with, or directly related to, the refusal of the lower court to consider the agreement concerning alimony between the parties which was embodied in the decree, of divorce. Thus, the paramount issue argued by appellant is whether an agreement entered into between parties pursuant to a divorce embodied in and made a part of the decree is absolutely binding upon the parties and not subject to modification. If the agreement is and of itself a continuing binding contract, the lower court committed error in refusing to consider it. But this is not the law.

 The rule is clear that an agreement between the parties to a suit with respect to alimony and maintenance when adopted by the court and made a part of the final decree becomes merged into the decree. It ceases to operate as an agreement but the decree is effective as any other decree with the same terms whether or not there was an agreement to that effect. Callen v. Callen, 257 Ala. 226, 58 So.2d 462; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Adams v. Adams, 229 Ala. 588, 159 So. 80. The court will not modify such decree except upon a showing of changed circumstances. Callen v. Callen,

id.; nor need the power to modify be expressly reserved in the decree. This is an inherent power of the equity court. Colton v. Colton, 252 Ala. 442, 41 So.2d 398.

 The case of LeMaistre v. Baker, 268 Ala. 295, 105 So.2d 867 seems conclusive of the issue at bar. There we said that only alimony in gross is not subject to modification, being in the nature of a division of the marital property between the parties. But for alimony to be in gross it should be unequivocally expressed in the decree and it must meet and satisfy two requirements, i. e., (1) the time of payment and the amount must be certain; (2) the right to alimony must be vested.

 It is apparent that the original decree awarding alimony, in no sense, met any requirement for alimony in gross and was therefore subject to modification on a showing of changed circumstances as the court ordered in the decree of May 14, 1959. Therefore, the exclusion from evidence of the agreement or anything relating thereto was correct, as the agreement would shed no light on any issue at bar.

 Appellant also contends that the lower court erred in refusing to allow any inquiry into the various dealings and circumstances of the parties from the original divorce decree to the present hearing. We do not conceive that this ruling was in error. The inquiry was limited—and the court so ruled—to facts bearing on the sole issue of whether or not there had been changed circumstances between the parties since the decree of May 14, 1959 which would justify a modification of that decree. Moreover, the ruling in no way prejudiced the appellant, anyway, because the same judge sat at all the hearings and had full knowledge of the entire record before him. Therefore, in the interest of expedition—the legal principle aside—the court was fully justified in refusing such evidence.

 As observed, the hearing preceding the present decree was ore tenus before the court and we of course take notice of the

usual presumption attending the correctness of the ruling below. On a full consideration of the evidence we are forced to the conclusion that appellant has not shown sufficient, changed circumstances to justify amending the award entered May 14, 1959.

Having thus disposed of the contentions of appellant, we move to a consideration of appellee's cross-assignments of error. The substance of appellee's argument is that the lower court abused its discretion in refusing to relieve appellee altogether of all future alimony payments. Appellee fails completely to adduce any evidence showing an abuse of discretion in this regard and his cross-assignments of error are manifestly without merit.

It results as our view that the decree of the lower court denying both parties relief was correct.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.