Shirley and Robert Cheek were divorced in January 1982. The decree of divorce incorporated a separation agreement of the parties concerning payment of alimony. In January 1985, the husband filed a petition to terminate the alimony, due to the wife's remarriage. The husband's petition was based on Section30-2-55, Code of Alabama 1975, which requires the termination of periodic alimony upon the remarriage of the party receiving such alimony. The wife filed a petition for the husband to be held in contempt for failure to pay according to the decree. The trial court denied the husband's petition to terminate alimony, finding that the agreement between the parties, which was incorporated in the divorce decree, provided for alimony in gross, and not for periodic alimony to which § 30-2-55 would apply. The court also held the husband in contempt for willfully failing to make payments as ordered, assessed the husband $500 for the wife's attorney fees, and denied the husband's motion for new trial.
The husband appeals. We affirm.
The trial court, in denying the husband's petition to terminate alimony, concluded that the pertinent terms of the agreement incorporated into the divorce decree provided for payment of alimony in gross and/or property settlement and not periodic alimony.
The record reveals that the 1982 decree of divorce in pertinent part provided:
 "(d) The Husband shall pay to the Wife sixty (60) consecutive monthly installments of $1250.00 each, and thereafter sixty-one (61) consecutive monthly installments of $1000.00 each. Said payments shall be paid to the Wife on the 1st day of each month subsequent to the rendition of said judgment of divorce, commencing on the first day of February, 1982. Any installment, if not paid when due, shall bear interest from the due date at the rate of 10% per annum. The Husband's obligation under this paragraph shall continue notwithstanding his death, and the balance remaining unpaid at the time of his death shall be a lawful claim upon his estate, and binding upon his representatives, heirs, and devisees and legatees. Further, said payments shall not abate or be affected by the Wife's remarriage to a third person, nor shall said payments abate or be affected by the Wife becoming employed or self-supporting."
On appeal, the husband contests the court's characterization. Section 30-2-55, Code of Alabama 1975, provides:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex."
The husband relies on Alabama case law providing that the obligation to pay periodic alimony ceases upon the remarriage of the receiving spouse as directed under § 30-2-55. Tillis v.Tillis, 405 So.2d 938 (Ala.Civ.App. 1981). In further support of his argument, the husband cites Oliver v. Oliver,431 So.2d 1271 (Ala.Civ.App. 1983), where the court held that § 30-2-55
emasculates an express agreement that periodic alimony shall continue after the remarriage of the receiving spouse. However, Alabama law distinctly recognizes that this provision of the Code applies only to awards of periodic alimony and that it does not affect awards of alimony in gross. Higginbotham v.Higginbotham, 367 So.2d 972 (Ala.Civ.App. 1979).
Alimony in gross must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested. Hager v. Hager, 293 Ala. 47,299 So.2d 743 (1974); Montgomery v. Montgomery, 275 Ala. 364,155 So.2d 317 (1963); Kenchal v. Kenchal, 440 So.2d 567
(Ala.Civ.App. 1983). In this case, the time and amount of payment are certain. The husband must pay the wife $1,250 per month for sixty consecutive months, and $1,000 per month for the following *Page 19 
sixty-one consecutive months. The award is non-modifiable and vested. Hager v. Hager, supra.
The husband further contends that the plain language of the divorce agreement expresses that alimony payments are for the support and maintenance of wife and that there is no specific language to evidence that the allowance was intended to be in gross. The specific designation of an alimony award as being in gross is not necessary, and lack of such a label will not defeat a provision of a divorce agreement which provides in substance for an award of alimony in gross. The substance of the award takes precedence over its label. Hartsfield v.Hartsfield, 384 So.2d 1097 (Ala.Civ.App.), cert. denied,384 So.2d 1100 (Ala. 1980). When the type of award is not specifically stated in the divorce agreement, the source of payment and its purpose are important factors in determining whether an award is periodic alimony or alimony in gross.Hager, supra. In this case it is evident that the extent of the husband's estate was taken into consideration concerning the source of the payments and that the payments were intended to effect a final division of property and marital rights.
The trial court thus correctly found that the award pursuant to the 1982 divorce decree constituted alimony in gross or a property settlement, as opposed to periodic alimony, and was therefore not subject to modification or termination upon the wife's remarriage.
The husband, on appeal, also challenges the jurisdiction of the trial court to hold him in contempt of court due to the fact that the wife's counterpetition for contempt was not verified before an officer authorized to administer oath. Though this court disagrees with the husband's contention, as Rule 11 of the Alabama Rules of Civil Procedure provides that except in certain specific situations, pleadings as well as motions need not be verified or accompanied by an affidavit, the husband's failure to cite any authority for his argument leads this court to affirm the decision of the lower court. The law of Alabama provides that the mere insistence of trial court error by an appellant without mention of authority does not amount to an argument. Mayhall v. Swafford, 55 Ala. 709,318 So.2d 736 (1975); Blair v. York Engineering, 380 So.2d 878
(Ala.Civ.App. 1980); Rule 28(a)(5), A.R.App.P.
The husband assigns as error the trial court's award of attorney's fees in the amount of $500 in favor of the wife's attorney. He contends that the award was improper due to a lack of proof at trial as to the reasonableness of the amount awarded. It is clearly the position of this court that a trial court in its judicial discretion may award attorney's fees in a divorce action without necessity of proof of reasonableness.Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ.App. 1980).
It is also provided in § 30-2-55, Code 1975, that where there has been a finding of contempt for failure to pay alimony, the court may award a reasonable attorney fee.
The husband's argument that the trial court improperly denied summary judgment will not be considered by this court under Rule 28 of the Alabama Rules of Appellate Procedure.Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361
(1964).
The final issue in this case is whether the trial court erred in refusing to grant the husband's post-trial motion for a new trial under Rule 59, A.R.Civ.P. The denial of a motion for new trial is a matter within the discretion of the trial court, and the exercise of this discretion is presumed correct. Absent the abuse of some legal right, and unless the record plainly and palpably shows the trial court erred in its decision, the denial will not be disturbed. Hill v. Cherry, 379 So.2d 590
(Ala. 1980) and Moorman Manufacturing Co. v. Coan, 435 So.2d 106
(Ala.Civ.App. 1983). Here, the evidence clearly supports the judgment of the trial court. Therefore, we will not disturb the trial court's denial of the husband's motion for new trial. *Page 20 
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.