This is a divorce decree modification case.
The parties to this appeal were divorced on October 5, 1984. The divorce decree included an agreement of the parties. On March 29, 1987 the wife remarried and the husband subsequently petitioned the Circuit Court of Jackson County for termination of monthly payments pursuant to section 30-2-55, Code 1975. An ore tenus proceeding was conducted wherein the wife attempted to introduce thirty-nine exhibits. The court ruled the exhibits inadmissible and rendered a final decree on July 21, 1987 terminating the $600 monthly payments. The wife appeals. We affirm.
The dispositive issue is whether the provision in the divorce decree requiring monthly payments to the wife is alimony in gross or periodic alimony subject to modification and termination pursuant to section 30-2-55, Code 1975, upon the remarriage of the payee spouse.
The applicable provisions of the divorce decree provide:
 "a. As a part of this settlement, and in discharge of the husband's marital responsibility for future support, the husband agrees to pay unto the wife the sum of $20,000.00 in cash. . . .
 "b. In addition to the foregoing, the husband will make additional periodic payments to the wife in the sum of $600.00 per month for a total of forty-eight months commencing in January, 1985. . . .
 "c. The periodic payments above recited are subject to termination in the event of the death of either husband or wife.
 "The husband shall be permitted to take full tax advantage of all such payments to the wife, including, if permitted by law, the deduction thereof as payment of alimony and support."
At the hearing the wife attempted to introduce evidence to show that the intention of the parties in drafting the agreement was to effect a division of property which was nonmodifiable.
The wife contends that the provision regarding the $600 monthly payment is, on its face, alimony in gross and not periodic alimony. Any divorce decree "providing for periodic payments of alimony shall be modified by the court to provide for the *Page 439 
termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried." § 30-2-55, Code 1975. This statute applies only to awards of periodic alimony. Hartsfield v.Hartsfield, 384 So.2d 1097 (Ala.Civ.App. 1980).
 "It is well established in Alabama that the court retains jurisdiction over periodic alimony awarded for the indefinite future whether expressly reserved or not. Epps v. Epps, 218 Ala. 667, 120 So. 150. The court can modify terms relating to periodic alimony on a showing that the modification is equitable. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89. Contrariwise, alimony in gross is vested, and the court retains no jurisdiction to modify it. Hager v. Hager, 293 Ala. 47, 299 So.2d 743. The intent to award alimony in gross should be unequivocally expressed or necessarily inferred from the language used. Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808; Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317; . . . ."
Banks v. Banks, 336 So.2d 1365 (Ala.Civ.App. 1976).
In view of the language of the provision in question, we find nothing which would indicate the award is in gross with the exception of the termination date of the payments. The existence of a termination date does not make the award alimony in gross. Barran v. Barran, 431 So.2d 1278
(Ala.Civ.App. 1983). For an alimony award to be considered in gross, "it should be unequivocally expressed in the decree and it must meet and satisfy two requirements, i.e., (1) the time of payment and the amount must be certain; (2) the right to alimony must be vested." Montgomery v. Montgomery,275 Ala. 364, 155 So.2d 317 (1963).
In the instant case the award's total amount can be ascertained, and the time for payment is certain; however the right is not vested. The decree specifically refers to the award as periodic and provides for the shortening of the payment period in the event of death of either spouse. The agreement further envisions a tax advantage for the payor spouse. The language clearly indicates no intention for the estate of the husband to be bound in the event of his death. Thus, the right is not vested. Banks, supra.
In brief the wife cites us to the case of Hager v.Hager, 293 Ala. 47, 299 So.2d 743 (1974), for the proposition that the death termination clause found in the decree does not change the unmodifiable character of alimony in gross. We agree, but point out that the provision must otherwise be considered alimony in gross. The provision in question in Hager specifically referred to the payment as alimony in gross and also contained a separate provision for periodic alimony. Hager, supra. In the instant case the award is called periodic and is not unequivocally alimony in gross.
The wife further contends that the court must look to the source of the payment to consider whether it is in gross or periodic and therefore erred in failing to admit her exhibits. It is generally recognized, however, that when a written agreement exists the writing is considered to be the sole expositor of the transaction and the intent of the parties involved unless there was fraud, mistake, or an ambiguity.Sanders v. Sanders, 425 So.2d 476 (Ala.Civ.App. 1983). The trial court determined that the decree was not ambiguous and thus denied the introduction of the exhibits. We find no error here.
The $600 monthly payment provided for in the decree was determined by the trial court to be periodic alimony, modifiable pursuant to section 30-2-55, Code 1975. We do not find this decision to be plainly and palpably wrong. The decree of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur. *Page 440