These consolidated appeals challenge separate orders of the Circuit Court of Madison County. The first order denied the husband's post-trial motion for relief from an order modifying a decree of divorce. The second order appealed from lifted a stay of garnishment of the husband's wages.
Michael Owen Kilgore (husband) and Teresa Lynn Kilgore (wife) were divorced by order of the court dated March 23, 1988. Incorporated into that decree was an agreement by the parties granting custody of the parties' two minor children to the wife. The agreement also provided that the husband pay child support in the amount of $100 per week, as well as provide hospitalization and health insurance for the children. Furthermore, the wife was awarded alimony in the amount of $400 per month to be paid for a period of ten years, provided that this obligation would cease upon the wife's remarriage or death if either event occurred prior to the expiration of the ten-year period.
On May 4, 1989, the husband sought a modification of the child support and alimony provisions of the divorce decree, alleging a material change in circumstances. The wife answered by denying the allegations *Page 482 
contained in the petition to modify and filed a counterclaim seeking to have the husband held in contempt for failure to pay alimony and child support as ordered in the decree of divorce.
Following an ore tenus hearing, the trial court entered an order holding the husband in contempt for willful failure to pay alimony and assessing the amount of his arrearage at $5,094. Furthermore, the husband's child support obligation was reduced to $387.50 per month. Other modifications not pertinent to this appeal were also ordered.
Subsequently, the husband filed a motion for new trial or, in the alternative, to amend the judgment. That motion was denied by the circuit court and an appeal followed.
A writ of garnishment was issued against the husband's employer on March 27, 1990. The husband filed a motion to release garnishment based on his claims of exemption. An order staying the garnishment was issued by the circuit court on June 18, 1990. In response, the wife filed a contest to the husband's claims of exemption, and following a hearing on the wife's motion, the circuit court lifted the stay of garnishment and authorized the wife to proceed with execution.
The husband then filed a separate appeal of that order. Both appeals were consolidated by this court upon motion by the husband.
We affirm.
Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Moreover, alimony, child support, and their subsequent modifications are matters resting within the sound discretion of the trial court and will not be reversed absent a showing of abuse of that discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985).
The husband first contends that the circuit court erred in failing to modify the alimony provisions of the divorce decree. He asserts that there was substantial evidence to demonstrate a material change in circumstances which would warrant such a modification.
The provision of the divorce decree regarding alimony states, "The husband shall pay alimony to the wife in the amount of $400 per month for a period of ten years until such time as she remarries or dies, whichever comes first." Because this provision does not denominate the award either as alimony in gross or as periodic alimony, we are called upon to do so here.
When the type of award intended is not specified, the source of the award and the purpose are of prime importance. SeeBorton v. Borton, 230 Ala. 630, 162 So. 529 (1935). Alimony in gross is intended to effect a final termination of the property rights and relations of the parties and is based on the value of the wife's inchoate rights in her husband's estate. Rogersv. Rogers, 473 So.2d 537 (Ala.Civ.App. 1985).
In order to constitute alimony in gross, the award must satisfy two requirements: the time and amount of payment must be certain, and the right to alimony must be vested.Trammell v. Trammell, 523 So.2d 437 (Ala.Civ.App. 1988). Moreover, an award of such alimony has the effect of a final judgment. Therefore, without reservation of control by the trial court, it is not modifiable. Hager v. Hager, 293 Ala. 47,299 So.2d 743 (1974). Finally, the intent to award alimony in gross should be unequivocally expressed or necessarily inferred from the language used. Trammell, 523 So.2d 437. Periodic alimony, however, is an allowance for future support and maintenance which is indefinite in time and is modifiable upon a showing of a material change in circumstances. Griffin v.Griffin, 479 So.2d 1283 (Ala.Civ.App. 1985). Furthermore, periodic alimony is subject to modification upon the remarriage of the payee spouse. § 30-2-55, Ala. Code 1975.
The provision for alimony specifically states that such alimony is to cease upon the remarriage or death of the wife. Therefore, the total amount of the award *Page 483 
can be ascertained only if neither of those events occurs within the ten-year time frame set forth in the decree. Moreover, the provision contains no express language identifying the award as alimony in gross. Therefore, it appears to this court that the most reasonable construction of the alimony provision contained in the divorce decree is that it was intended to constitute periodic alimony.
Having concluded that the alimony provision contained in the decree involves an award of periodic alimony, we must now determine if the circuit court erred in denying the husband's petition to modify. We note that the modification of periodic alimony is discretionary with the trial court, and its decision will not be overturned except for an abuse of that discretion.Cox v. Cox, 485 So.2d 767 (Ala.Civ.App. 1986).
In determining whether a change in circumstances exists, the trial court must consider the financial needs of the wife and the financial ability of the husband to respond to those needs.McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App. 1986). Although there may be some change in circumstances since the divorce decree, modification remains discretionary with the court. Id. A trial court may also take into consideration the fact that the provision awarding alimony was originally agreed upon by the parties. Roberts v. Roberts, 395 So.2d 1035
(Ala.Civ.App. 1981).
The evidence reveals that the wife's income is approximately the same as at the time of divorce. She stated that she and her two children reside in a rented apartment in Scottsboro, despite the fact that she is employed in Huntsville, because she is unable to find affordable housing there. She also testified that she had no other source of income other than her employment and her alimony payments and that she had less than $100 in savings. Finally, she stated that she had forgone medical treatment since the divorce because she could not afford it.
In contrast, the husband, despite a decrease in earnings since the date of divorce, was earning approximately $1,700 per month at the time of the hearing on his petition to modify. Furthermore, he has since remarried and currently resides in a house owned by his present wife.
In view of the evidence of the wife's continued need for support and the husband's ability to meet that need, we find that the circuit court did not abuse its discretion by denying the husband's petition to modify.
The husband next contends that the circuit court erred in vacating its order staying the garnishment of his wages. The husband asserts that his wages are exempt from garnishment, contending that his alimony obligations constitute a "debt" as contemplated by § 6-10-6, Ala. Code 1975, and article X, § 204, of the Alabama Constitution of 1901.
However, a judgment of divorce and a concomitant award of alimony are not contractual in nature, i.e., ex contractu,Knight v. Knight, 409 So.2d 432 (Ala.Civ.App. 1982), but rather arise in tort and are ex delicto. Lasseter v. Lasseter,266 Ala. 459, 97 So.2d 555 (1957). Consequently, we agree with the circuit court that the husband is not entitled to an exemption from garnishment.
In view of the above, the decision of the circuit court is due to be affirmed.
The wife has requested an attorney's fee for representation on appeal. That request is hereby granted in the amount of $750.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur. *Page 484