RUSSELL, Judge.
This action was brought by Brenda M. Bolling (wife) to enforce a foreign divorce decree against Bobby J. Bolling (husband). The parties were divorced in Tennessee on August 5, 1986, by a decree which incorporated an agreement of the parties and provided, in pertinent part, as follows:
“Husband and Wife intend and it is the purpose of this agreement to make a complete and final settlement of all claims that the Wife may have against the Husband or that the Husband may have against the Wife, to memorialize the separation of the parties and their agreement to remain separated, to finalize their agreements as to division of property, both real and personal, owned by them or either of them.
*226 [[Image here]]
“Husband shall pay to Wife as alimony in solido the sum of $100,000.00 to be paid at the rate of $150.00 per week beginning Friday, May 30,1986, and each and every Friday thereafter. Husband may prepay all or any portion of this alimony at any time he is able to do so.
[[Image here]]
“Husband agrees to assume as his sole and exclusive obligation payment of all presently existing indebtedness owed by the parties or either of them.”
[[Image here]]
“The provisions of this agreement shall not be modified or changed except by mutual consent and agreement of the parties expressed in writing.”
(Emphasis supplied.)
After an ore tenus hearing, the trial court found the husband in contempt for failure to pay alimony as provided in the divorce decree and determined that the ar-rearage was $24,525. The wife was granted a judgment against the husband for $127,000 because of his failure to pay the indebtedness on the real property granted to the wife, upon which foreclosure proceedings had occurred. The husband was ordered to pay the arrearage in the amount of $150 per month until it is paid. The trial court, stating that it believed that the husband had suffered “extremely serious financial difficulties,” also modified the original divorce decree by suspending “any and all other current or present alimony payments” until the arrearage is paid in full.
The wife appeals, contending that the trial court erred in modifying the original divorce decree, because, she claims, the provision modified is alimony in gross and, therefore, is not subject to modification. We agree and reverse and remand.
We note that an award of alimony in gross may be payable at present or in installments and that the award is not modifiable without an express reservation of control. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). It is intended to effect a final termination of the property rights of the parties and attempts to compensate the wife for the loss of inchoate property rights in her husband’s estate. Rogers v. Rogers, 473 So.2d 537 (Ala.Civ.App.1985). To constitute alimony in gross, the award must satisfy two requirements: the time and amount of payment must be certain, and the right to alimony must be nonmodi-fiable, or vested. Hager, 293 Ala. 47, 299 So.2d 743; Trammell v. Trammell, 523 So.2d 437 (Ala.Civ.App.1988). The intent to award alimony in gross should be necessarily inferred from the language used or should be unequivocally expressed. Trammell, 523 So.2d 437.
In view of the language used in the divorce decree, we find that the requirements for alimony in gross are satisfied. The time and the amount of payment are certain, $100,000 to be paid at the rate of $150 per week. The language indicates that the right to alimony is vested. The alimony is termed “in solido,” which means that one is “liable for the whole” or that one intends to be “bound to perform the whole of the obligation.” See Black’s Law Dictionary 716 (5th ed.1979). In addition, we note that under Tennessee law, if alimony is awarded in solido, the award cannot be modified after it has become final. Spalding v. Spalding, 597 S.W.2d 739 (Tenn.Ct.App.1980). The purpose as stated in the agreement is to make a settlement of all claims the wife has against the husband and to finalize the division of property. The husband is allowed to prepay any part of the alimony when he is able to do so. Finally, the agreement provides that its provisions shall not be changed without the consent and agreement of the parties expressed in writing. Therefore, we find that the grant of alimony in solido in the amount of $100,000 is alimony in gross and is nonmodifiable.
The judgment is due to be reversed and the cause remanded with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.