The wife appeals from the trial court's order terminating alimony payments following her remarriage. The issue presented for review is whether at the time of divorce the wife was awarded periodic alimony payments or alimony in gross.
The court entered a final judgment of divorce in December 1991, incorporating therein the parties' agreement of the disputed *Page 338 
issues. The judgment provided for the division of property and debts and for the payment of alimony by the husband to the wife. The judgment, in pertinent part, states as follows:
 "7. That Plaintiff shall pay to Defendant, as periodic alimony, the sum of $400.00 per month, for twenty four (24) consecutive months. The first payment shall be paid by Plaintiff during the month of December, 1991, and the remaining payments shall be due on the first day of January, 1992 and each month thereafter, until paid. Payments are late after the fifth day of each month."
The husband filed a petition to modify, alleging that the wife had remarried and that alimony payments should terminate. The wife admitted she had remarried, but argued the alimony was in gross and should not end. The trial court, after arguments of counsel, found the alimony to be "periodic alimony", which is modifiable, rather than "alimony in gross".
When a trial court receives evidence in the form of writings without oral testimony from the parties, the appellate court will review the evidence and make its own judgment from the record. Craig Construction Co. v. Hendrix, 568 So.2d 752
(Ala. 1990); Hurt v. Given, 445 So.2d 549 (Ala. 1983).
In order for alimony to be considered "in gross" it "must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested." Cheek v. Cheek, 500 So.2d 17, 18 (Ala.Civ.App. 1986);Montgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317 (1963);Trammell v. Trammell, 523 So.2d 437 (Ala.Civ.App. 1988). The intent to award alimony in gross must be unequivocally expressed or necessarily inferred from the language used. Banksv. Banks, 336 So.2d 1365 (Ala.Civ.App. 1976); Montgomery;Kilgore v. Kilgore, 572 So.2d 480 (Ala.Civ.App. 1990); Boleyv. Boley, 589 So.2d 1297 (Ala.Civ.App. 1991); Trammell.
In the present case, the trial court's original order specifically termed the award "periodic alimony." In its subsequent order of August 19, 1992, in response to husband's petition to modify, the trial court reviewed its original order and determined that the "alimony in controversy was periodic rather than in gross because the order refers to 'periodic alimony' and the language creating the obligation does not unequivocally create the incidents of alimony in gross."
This court can not look beyond the record, which reflects no intention by the parties for this award to be anything other than periodic alimony. Pursuant to Ala. Code, 1975, § 30-2-55,
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex. This provision shall be applicable to any person granted a decree of divorce either prior to April 28, 1978, or thereafter; provided, however, that no payments of alimony already received shall have to be reimbursed."
The trial court after a review of its order of December 13, 1991, determined the award to be periodic alimony. We agree and hold that the trial court did not err. Therefore, the trial court's judgment is due to be affirmed.
The husband's request for attorney fees on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.