On Application for Rehearing

THOMPSON, Presiding Judge.
This court’s opinion of December 14, 2012, is withdrawn, and the following is substituted therefor.
Dana J. Lacey (“the wife”) and Russell S. Lacey (“the husband”) were divorced by a February 6, 2007, judgment of the trial court that incorporated the parties’ settlement agreement. Pursuant to the divorce judgment, the wife was awarded, among other things, the marital residence, a parcel of real property, and certain financial assets. The husband was awarded all the parties’ remaining real estate and the parties’ entire interest in a business known as “Double Delta, Inc.” In addition, paragraph 14 of the divorce judgment provided:
“14. That the [husband] shall pay to the [wife] $2,500 per month for 96 months with said payments to terminate prior to the 96 payments only upon her death. The total of $240,000 shall be secured by a mortgage or other security interest in real and/or personal property sufficient to cover any remaining balance due under the terms of this order and by life insurance in an amount sufficient to make the payment in the event of the [husband]’s death. The amount of security or insurance required shall decrease with each payment.
“The parties understand that the initial security shall be second mortgages on properties and subordinate to existing indebtedness on the business of the [husband]. That the parties further understand and it is the order of this court that from time to time refinancing or other modifications of the financial arrangement of the [husband]’s business may be required and the [wife] shall forthwith execute any and all documents necessary to allow said modifications or refinancing of the [husband]’s business for so long as the [wife] remains fully secured for said payments.”
Neither party appealed the divorce judgment.
On May 30, 2008, the husband filed a petition to modify various portions of the divorce judgment. In pertinent part, the husband alleged that paragraph 14 of the divorce judgment constituted an award of rehabilitative alimony, and he sought a termination of that purported alimony obligation. The wife answered and argued, in pertinent part, that paragraph 14 constituted a nonmodifiable property division in the nature of alimony in gross. The wife later filed a petition asking the trial court to enforce the divorce judgment; in that petition, she alleged that the husband had failed to make the payments required by paragraph 14 of the divorce judgment.
The trial court conducted an ore tenus hearing. Neither party testified at the hearing. The parties stipulated that, in July 2008, the wife remarried, and in May 2009 the husband stopped making the payments ordered in paragraph 14 of the divorce judgment.
The attorney who represented the husband during the divorce proceedings testified that, at some point, the husband contacted him and informed him there was a dispute between the parties regarding whether paragraph 14 constituted an award of periodic alimony or alimony in gross. In response, the attorney sent a February 2008 letter to the wife’s attorney concerning that dispute; that letter was not admitted into evidence. The attorney who represented the wife during the divorce proceedings testified that he drafted the divorce judgment and that the hus *1031 band’s attorney approved that draft before it was submitted to the trial court.
On November 17, 2011, the trial court entered a modification judgment in which it determined that the obligation set forth in paragraph 14 of the divorce judgment was one for periodic alimony, and it granted the husband’s request that that obligation be terminated. The trial court denied all other relief requested by the parties.
The wife filed a postjudgment motion. On March 5, 2012, the trial court entered an order vacating the November 17, 2011, judgment and entering a new judgment. The trial court set forth in detail its finding that the award set forth in paragraph 14 of the divorce judgment constituted an award of periodic alimony, and it terminated the husband’s obligation to pay that award. The wife timely appealed.
The wife argues on appeal that the trial court erred in interpreting paragraph 14 of the parties’ divorce judgment as an award of periodic alimony rather than alimony in gross. With regard to the characteristics of periodic alimony and alimony in gross, this court has stated:
“Our supreme court has explained the difference between periodic alimony and alimony in gross. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). Alimony in gross is considered ‘compensation for the [recipient spouse’s] inchoate marital rights [and] ... may also represent a division of the fruits of the marriage where liquidation of a couple’s jointly owned assets is not practicable.’ [Hager v. Hager], 293 Ala. at 54, 299 So.2d at 749. An alimony-in-gross award ‘must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.’ Cheek v. Cheek, 500 So.2d 17, 18 (Ala.Civ.App.1986). It must also be payable out of the present estate of the paying spouse as it exists at the time of the divorce. [Hager v. Hager], 293 Ala. at 55, 299 So.2d at 750. In other words, alimony in gross is a form of property settlement. [Hager v. Hager], 293 Ala. at 54, 299 So.2d at 749. An alimony-in-gross award is generally not modifiable. Id.
“Periodic alimony, on the other hand, ‘is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].’ [Hager v. Hager], 293 Ala. at 55, 299 So.2d at 750. Its purpose ‘is to support the former dependent spouse and enable that spouse, to the extent 'possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage.’ O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996) (emphasis added). Periodic alimony is modifiable based upon changes in the parties’ financial conditions or needs, such as an increase in the need of the recipient spouse, a decrease in the income of the paying spouse, or an increase in the income of the recipient spouse. See Tibbetts v. Tibbetts, 762 So.2d 856, 858 (Ala.Civ.App.1999). The paying spouse’s duty to pay periodic alimony may be terminated by petition and proof that the recipient spouse has remarried or is cohabiting with a member of the opposite sex. Ala.Code 1975, § 30-2-55.”
TenEyck v. TenEyck, 885 So.2d 146, 151-52 (Ala.Civ.App.2003).
In determining the nature of an award of alimony, our supreme court has held that when the award is unspecified, “the source of the payment and the purpose are of prime importance.” Hager v. Hager, 293 Ala. 47, 55, 299 So.2d 743, 750 (1974) (emphasis added). See also TenEyck v. *1032 TenEyck, 885 So.2d at 152 (“‘When the type of award is not specifically stated in the divorce [judgment], the source of payment and its purpose are important factors in determining whether an award is periodic alimony or alimony in gross.’ ” (quoting Cheek v. Cheek, 500 So.2d 17, 19 (Ala.Civ.App.1986))); Walls v. Walls, 860 So.2d 352, 357 (Ala.Civ.App.2003) (“The amended judgment does not state the nature of this award. In such a case, the source of the award, as well as its purpose, are factors to consider in determining the nature of the award.”); and Kilgore v. Kilgore, 572 So.2d 480, 482 (Ala.Civ.App.1990) (“When the type of award intended is not specified, the source of the award and the purpose are of prime importance.”).
It is well established that the source of a payment of periodic alimony is the current earnings of the support-paying spouse. Hager v. Hager, 293 Ala. at 55, 299 So.2d at 750 (“ ‘[P]eriodic alimony’ is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [payor spouse].”); Rose v. Rose, 70 So.3d 429, 433 (Ala.Civ.App.2011) (“The source of periodic-alimony payments must be the current income of the payor spouse.”); Smith v. Smith, 866 So.2d 588, 591 (Ala.Civ.App.2003) (“ ‘[Periodic alimony is defined as an allowance from the current earnings of a spouse to provide for the current and continuous support of the other[.]’ ” (quoting Penny A. Davis & Robert Earl McCurley, Jr., Alabama Divorce, Alimony & Child Custody Hornbook § 18-6 at 205-06 (3d ed.1993))); and TenEyck v. TenEyck, supra (same). In contrast, the payment source of an alimony-in-gross obligation is the estate of the parties or of the payor spouse, and alimony in gross may be awarded when the division of jointly owned assets is not feasible or practical. Hager v. Hager, 293 Ala. at 55, 299 So.2d at 750 (“ ‘Alimony in gross’ is the present value of the [recipient spouse’s] inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the [payor spouse’s] present estate as it exists at the time of divorce.”); see also TenEyck v. TenEyck, 885 So.2d at 151-52 (same); Johnson v. Johnson, 840 So.2d 909, 912 (Ala.Civ.App.2002) (same); and Clements v. Clements, 990 So.2d 383, 392 (Ala.Civ.App.2007) (“[A]n alimony-in-gross award is payable from the present estate of the paying spouse.”).
On application for rehearing, the husband contends that the payments he had made in the past toward the obligation set forth in paragraph 14 were made from his current earnings, which he received from his business. However, the award set forth in paragraph 14 specifies that it is secured by, among other things, a mortgage on the property of the husband’s business or other assets of the husband. In other words, the divorce judgment specifies that if the husband fails to pay the wife from his current earnings, the wife has a security interest “sufficient to cover any remaining balance due” under paragraph 14. Thus, given the unique circumstances of this case, we conclude that because the obligation may be enforced against assets of the husband’s estate, the source of the obligation at issue is the current estate of the husband.
Further, the requirement that the obligation be secured by a lien on the husband’s property indicates that the purpose of the award in paragraph 14 of the divorce judgment is to compensate the wife for her interest in the husband’s business. See Kilgore v. Kilgore, 572 So.2d at 482 (“Alimony in gross is intended to effect a final termination of the property rights and relations of the parties and is based on the value of the [recipient spouse’s] inchoate rights in [the payor spouse’s] estate.”).
*1033 In this case, the time and amount of payment is certain; the divorce judgment orders that the wife receive a total of $240,000, paid in 96 equal monthly installments of $2,500 each. Thus, the award at issue meets the first requirement that in order to constitute an award of alimony in gross, the time and amount of the payment must be certain. TenEyck v. TenEyck, supra (a requirement of an award of alimony in gross is that the time and amount of the payment must be certain).
In its judgment, the trial court found that the second requirement for an alimony-in-gross award was not satisfied because, it determined, the right had not vested because the wife’s right to payment ended at her death. See TenEyck v. TenEyck, supra; see also Hughes v. Hughes, 703 So.2d 352, 353-54 (Ala.Civ.App.1996) (“It is well settled that in order to be considered alimony in gross, the award must satisfy two requirements: (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.”). The trial court relied upon Kilgore v. Kilgore, supra, and Trammell v. Trammell, 523 So.2d 437 (Ala.Civ.App.1988). In Kilgore v. Kilgore, this court concluded that “the most reasonable construction,” id. at 483, of a provision stating that “ ‘[t]he husband shall pay alimony to the wife in the amount of $400 per month for a period of ten years until such time as she remarries or dies, whichever comes first,’ ” was that the award was one of periodic alimony. Id. at 482. In Tram-mell v. Trammell, 523 So.2d at 439, this court concluded that an award of alimony was periodic alimony because the right to payment had not vested; the court explained:
“In the instant ease the award’s total amount can be ascertained, and the time for payment is certain; however the right is not vested. The [judgment] specifically refers to the award as periodic and provides for the shortening of the payment period in the event of death of either spouse. The agreement further envisions a tax advantage for the payor spouse. The language clearly indicates no intention for the estate of the husband to be bound in the event of his death. Thus, the right is not vested.”
In this case, the alimony obligation, by its express terms, is terminable only at the wife’s death. The obligation remains in force upon the death of the husband, and it is secured not only by property within the husband’s estate but also, in the event of the husband’s death, by a life-insurance policy. The language of paragraph 14 specifying that the award at issue is terminable “only” upon the wife’s death demonstrates that the award is in contravention of the general law that an award of periodic alimony is terminable at the death of either spouse and that it is terminable upon the cohabitation or remarriage of the recipient spouse. See § 30-2-55, Ala. Code 1975 (periodic alimony is terminable at the cohabitation or remarriage of the recipient spouse); Stockbridge v. Reeves, 640 So.2d 947, 948 (Ala.Civ.App.1994) (concluding that the award at issue constituted alimony in gross and noting that “[t]his provision does not provide that the payments are to cease upon the remarriage of the wife”); Kelley v. State Dep’t of Revenue, 796 So.2d 1114, 1118 (Ala.Civ.App.2000) (“[Periodic alimony payments cease at the death of either spouse.”); see also Kilgore v. Kilgore, supra (the award was held to be periodic alimony because it stated it would end at the remarriage or death of the wife and there was no statement that it was alimony in gross). Also, because a periodic-alimony obligation does not survive the death of the payor spouse, the specification that the alimony obligation at issue in this case is to be secured by insurance on the husband’s life indicates that that award is *1034 not periodic alimony; life insurance may not be used to fund an obligation that is terminable at death. See, e.g., Alexander v. Alexander, 65 So.3d 958, 968-69 (Ala.Civ.App.2010) (Moore, J., concurring in the result) (“I agree with the husband that the obligation to pay periodic alimony ends upon the death of the obligor spouse; thus, life insurance cannot possibly be ordered to ‘secure’ that obligation.”).[1]
In both Kilgore v. Kilgore, supra, and Trammell v. Trammell, supra, upon which the trial court relied, factors such as termination upon the recipient spouse’s remarriage, a reference to the obligation as periodic, and specified tax implications, in addition to the fact that the obligations were terminable at the death of the recipient spouse, contributed to a determination that the unspecified awards of alimony were not vested and were in the nature of periodic alimony. Those other factors are not present in this case. Also, our supreme court has held that “the term ‘vested’ simply signifies that an award of ‘alimony in gross’ is not subject to modification.” Hager v. Hager, 293 Ala. at 54, 299 So.2d at 750 (emphasis added); see also Brunner v. Ormsby, 10 So.3d 18, 23 (Ala.Civ.App.2008) (same). In Hager v. Hager, supra, our supreme court reversed the decision of this court in which we held that an award could not be alimony in gross because it terminated at the death of the recipient spouse. Rather, the supreme court stated that “[w]e have no case which holds that the unmodifiable character of ‘alimony in gross’ is changed by a clause that terminates the installments in case of the [payee spouse’s] death.” Hager v. Hager, 293 Ala. at 54, 299 So.2d at 750.
“The intent to award alimony in gross should be necessarily inferred from the language used or should be unequivocally expressed.” Bolling v. Bolling, 586 So.2d 225, 226 (Ala.Civ.App.1991) (emphasis added); see also Bonham v. Bonham, 623 So.2d 337, 338 (Ala.Civ.App.1993) (“The intent to award alimony in gross must be unequivocally expressed or necessarily inferred from the language used.” (emphasis added)); and Lacey v. Ward, 634 So.2d 1013, 1015 (Ala.Civ.App.1994) (“Because an award of alimony in gross cannot be modified, the intent to give such an award should be clearly expressed, or necessarily inferred, from the language used.”). Thus, the failure to expressly designate the award as alimony in gross or to refer to it as such is not determinative; rather, the nature of the award may be inferred from the language of the award and the facts. See Penny A. Davis and Robert Earl McCurley, Jr., Alabama Divorce, Alimony & Child Custody Horn-book § 18-5 at 253 (4th ed. 2005) (“[T]he failure to label a provision of a [judgment] as alimony in gross will not defeat a provision which in substance provides for alimony in gross. The designation of a provision as alimony in gross should be present, *1035 but it is not mandatory.” (footnotes omitted)).
In this case, paragraph 14 does not specify that the award is one for alimony in gross, but the nature of that award is inferable from the language of paragraph 14. Although the award terminates at the wife’s death, that fact alone does not mean that the right is not vested. Hager v. Hager, 293 Ala. at 54, 299 So.2d at 750. Further, all other characteristics of the award indicate that it is one of alimony in gross. The award is not payable from the husband’s current earnings. Rather, that obligation is secured by a mortgage on the property in the husband’s estate, it survives the death of the husband and is secured by life insurance, and the amount and timing of the payments are certain. We conclude that the trial court erred in concluding that paragraph 14 of the parties’ divorce judgment constituted an award of periodic alimony. Rather, we hold that that award was one of alimony in gross.
 An award of alimony in gross is in the nature of a property division, and such an award is not subject to modification. Hager v. Hager, supra; and TenEyck v. TenEyck, supra. Accordingly, we hold that the trial court erred in entering that part of its judgment that terminated the husband’s obligation under paragraph 14 of the parties’ divorce judgment. The judgment is reversed, and the cause is remanded for the entry of a judgment in compliance with this opinion.
APPLICATION FOR REHEARING OVERRULED; OPINION OF DECEMBER 14, 2012, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
PITTMAN and DONALDSON, JJ., concur.
THOMAS and MOORE, JJ., concur in the result, without writings.

. On application for rehearing, the husband argues that, in recent caselaw precedent, “life insurance was mandated to secure payment of modifiable periodic alimony.” The cases cited by the husband in support of that assertion are not on point. In Bush v. Bush, 784 So.2d 299, 300 (Ala.Civ.App.2000), the original judgment incorporated the parties’ agreement that specifically provided that the obligation at issue was periodic alimony and that it was to be secured by life insurance; this court affirmed a modification judgment that removed, among other things, the requirement that that obligation be secured by the life-insurance policy. In both Lackey v. Lackey, 18 So.3d 393 (Ala.Civ.App.2009), and Sellers v. Sellers, 893 So.2d 456 (Ala.Civ.App.2004), the life-insurance benefits awarded to the wife were listed as a separate award for the benefit of the wife; those benefits were not specified as security for the periodic-alimony awards at issue in those cases.