Rel: May 17, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0679
_____

**Sharon Bailey Snyder**

**v.**

**Donald Norman Snyder**

**Appeal from Shelby Circuit Court**
**(DR-22-900095)**

HANSON, Judge.

This appeal arises from a civil action brought in February 2022 in the Shelby Circuit Court ("the trial court") in which Donald Norman Snyder ("the husband") sought a judgment of divorce dissolving his marriage to Sharon Bailey Snyder ("the wife"); in his complaint, the husband alleged that the parties had married in March 1997 and had

separated five years later in March 2002. The wife answered the husband's complaint and asserted a counterclaim also seeking a divorce and additionally requesting awards of alimony and attorneys' fees. The wife then filed a request for an award of pendente lite relief in which she averred that the husband had paid her $1,000 per month for the four years preceding the initiation of the divorce action and that she needed those moneys to pay monthly expenses; the husband filed a response categorizing the previous payments as gifts and requesting that the trial court not require their resumption. After receiving testimony from the parties at a hearing, the trial court directed the husband to pay $1,000 per month to the wife beginning on October 15, 2022, but denied any retroactive award and set the case for a final hearing.

A trial was held in April 2023, at which the parties testified; at the close of the trial, the trial court entered an order directing the preparation of proposed judgments that were to provide that "[t]he [h]usband shall pay to the [wife] $750.00 a month for 24 (twenty-four) months beginning the month after the entry of" the judgment and that the husband "shall pay to the [w]ife an additional $20,000 for her equity in" the parties' former marital residence in Irondale. Subsequently, the trial court entered a judgment containing provisions in conformity

therewith, after which the wife filed a postjudgment motion challenging the correctness of the judgment as to the issue of alimony. The wife's postjudgment motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., and the wife appealed.

The sole issue raised by the wife is whether the trial court's judgment is in compliance with Ala. Code 1975, § 30-2-57, which codifies the mechanism for awarding forms of periodic alimony (including rehabilitative alimony) incident to a judgment of divorce. In pertinent part, that statute provides:

> "(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:
>
> > "(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.
> >
> > "(2) The other party has the ability to supply those means without undue economic hardship.
> >
> > "(3) The circumstances of the case make it equitable.
>
> "(b) If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

3

"(1) Unlese the court expressly finds that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court expressly finds that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage ….

"….

"(d) In determining whether a party has a sufficient separate estate to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall consider any and all relevant evidence, including all of the following:

"(1) The party's own individual assets.

"(2) The marital property received by or awarded to the party.

"(3) The liabilities of the party following the distribution of marital property.

4

"(4) The party's own wage-earning capacity, taking into account the age, health, education, and work experience of the party as well as the prevailing economic conditions.

"(5) Any benefits that will assist the party in obtaining and maintaining gainful employment.

"(6) That the party has primary physical custody of a child of the marriage whose condition or circumstances make it appropriate that the party not be required to seek employment outside the home.

"(7) Any other factor the court deems equitable under the circumstances of the case.

"(e) In determining whether the other party has the ability to pay alimony, the court shall consider any and all evidence, including all of the following:

"(1) His or her own individual assets, except those assets protected from use for the payment of alimony by federal law.

"(2) The marital property received by or awarded to him or her.

"(3) His or her liabilities following the distribution of marital property.

"(4) His or her net income.

"(5) His or her wage-earning ability, considering his or her age, health, education, professional licensing, work history, family commitments, and prevailing economic conditions.

5

"(6) That he or she has primary physical custodiage of a child of the marriage whose condition or circumstances make it appropriate that he or she not be required to maintain employment outside the home.

"(7) Any other factor the court deems equitable under the circumstances of the case.

"(f) In <u>determining</u> whether the award of rehabilitative or periodic alimony is equitable, the court shall <u>consider</u> all relevant factors including all of the following:

"(1) The length of the marriage.

"(2) The standard of living to which the parties became accustomed during the marriage.

"(3) The relative fault of the parties for the breakdown of the marriage.

"(4) The age and health of the parties.

"(5) The future employment prospects of the parties.

"(6) The contribution of the one party to the education or earning ability of the other party.

"(7) The extent to which one party reduced his or her income or career opportunities for the benefit of the other party or the family.

"(8) Excessive or abnormal expenditures, destruction, concealment, or fraudulent disposition of property.

"(9) All actual damages and judgments from conduct resulting in criminal conviction of either

spouse in which the other spouse or child of the marriage was the victim.

"(10) Any other factor the court deems equitable under the circumstances of the case."

(Emphasis added.)

Seizing upon the sparing language of the judgment entered by the trial court with respect to alimony, which states that "[t]he [h]usband shall pay to the [w]ife $750.00 a month for 24 (twenty-four) months beginning the month after the entry of the" judgment, the wife asserts that the judgment is due to be reversed based upon a lack of express findings regarding factors set forth in subsections (d), (e), and (f) of § 30-2-57. She apparently does so to obtain the benefit of a line of cases, stemming from Merrick v. Merrick, 352 So. 3d 770 (Ala. Civ. App. 2021), in which this court has, ex mero motu, reversed judgments awarding periodic alimony or rehabilitative alimony on the basis that findings required under § 30-2-57 had not been made by trial courts. The husband, for his part, posits that the trial court's award is properly construed as an award of alimony in gross -- a species of property settlement under Alabama law -- that is not governed by § 30-2-57 and that no express findings are necessary. See Rule 52(a), Ala. R. Civ. P. (providing that, in actions heard in bench trials, the trial court "when

7

required by statute" is to make special factual findings and state conclusions of law).

In <u>Merrick</u>, the divorce judgment under review, without stating any findings of fact, awarded the payee spouse $2,800 per month as "'periodic, rehabilitative alimony.'" 352 So. 2d at 772. The payor spouse appealed and contended that, under the common law, the payee spouse was not entitled to periodic alimony or, in the alternative, should not be awarded moneys that the payor spouse could not consistently afford. <u>Id.</u> This court noted that the underlying action was a divorce action that had been brought after § 30-2-57 had taken effect; that statute, we said, "reflect[ed] our precedents regarding factors to be considered" in determining whether to make an award of periodic or rehabilitative alimony. 352 So. 2d at 774-75. Upon considering the trial court's having labeled its alimony award as both "periodic" and "rehabilitative" and our need to assess the nature and grounds for the trial court's award in deciding the merits of the payor spouse's appeal, a majority of this court concluded:

> "The legislature has clearly required that an alimony award be either rehabilitative alimony or periodic alimony and that, <u>to award either type of alimony</u>, the trial court <u>must make certain express findings</u> after <u>considering</u> the various factors described in § 30-2-57(d)-(f). We cannot properly review the award in this case without having before us the express findings required by § 30-2-57. In the context of

8

> analogous statutory, express-findings requirements, this court has reversed a trial court's judgment and remanded the case for it to enter the mandated findings as to a judgment, and we have done so <u>ex mero motu</u>. Accordingly, because the December 2020 judgment does not satisfy the requirements of § 30-2-57, we reverse the trial court's judgment and remand the case to the trial court with instructions that it enter a new judgment in compliance with § 30-2-57."

352 So. 3d at 775 (emphasis added and citations omitted).

A close reading of <u>Merrick</u> reveals that this court did <u>not</u> hold in that case that the legislature had categorically required express findings as to the factors set forth in subsections (d) through (f) of § 30-2-57 in the manner that the wife suggests. Rather, findings of fact are required by subsection (a) of § 30-2-57 (and, in certain circumstances, subsection (b) of that statute) only in connection with awards of either periodic or rehabilitative alimony -- and only as to the ultimate determinations of whether a would-be periodic- or rehabilitative-alimony recipient lacks a sufficient separate estate to enable that person to acquire the ability to preserve (to a feasible extent) the parties' marital economic status quo; whether a would-be paying party has means of preserving the economic status quo without undue hardship; and whether it would be circumstantially equitable to require the payment of either periodic or rehabilitative alimony.

9

Merrick clearly involved an award from one divorcing spouse to another that was labeled as for the support of the payee, albeit one poorly phrased in the aftermath of the enactment of § 30-2-57. Neither Merrick nor any of the cases following Merrick upon which the wife relies applied § 30-2-57 in the context of an award of alimony in gross. As we acknowledged in Anderson v. Anderson, 377 So. 3d 542, 548 (Ala. Civ. App. 2022), "§ 30-2-57 … governs solely periodic and rehabilitative alimony and not alimony in gross." Because the husband has adequately presented a potential valid basis upon which the trial court's judgment may be affirmed, we proceed to consider whether, as the husband contends, the $750 monthly award in this case was an award of alimony in gross outside the scope of § 30-2-57. See Tucker v. Nichols, 431 So. 2d 1263, 1265 (Ala. 1983).

The record reveals that the trial court, after having heard limited evidence at the hearing on the wife's request for pendente lite support, stated that it would prospectively require payments from the husband of $1,000 per month on a preliminary basis but added that "we have to have more testimony when we come back" regarding the parties' finances; the trial court added that it did not anticipate directing the husband "has to pay her a thousand dollars till [the wife] dies unless something

10

dramatically changes" and directed the wife to "just be expecting that …
with your affairs." During the trial, the wife expressly requested that the
$1,000 monthly payments that the husband had been directed to pay as
pendente lite support be continued or increased because her monthly
expenses exceeded $3,300 and her net monthly Social Security income
was approximately $1,200; however, apart from requesting an equitable
portion of the proceeds from the sale of the parties' former marital home
in Irondale, she did not seek any other monetary relief. At the close of
the parties' presentation of evidence, the trial court remarked that it
"ha[d] those two decisions left to make, the alimony and the equity in that
home," and stated that it would issue an order "that says the alimony in
this case is X" such that that term should be included in a proposed order
to be drafted by counsel. As we have noted, the trial court subsequently
directed the preparation of a final-judgment form including the $750-per-
month award for a period of 24 months and the $20,000 lump-sum
amount representing the wife's equity in the former marital home, and
the final judgment included those provisions.

Our supreme court, in Montgomery v. Montgomery, 275 Ala. 364,
155 So. 2d 317 (1963), stated that "for alimony to be in gross it should be
unequivocally expressed in the decree and it must meet and satisfy two

11

requirements, i.e., (1) the time of payment and the amount must be certain; (2) the right to alimony must be vested." 275 Ala. at 366, 155 So. 2d at 319 (emphasis added); see also Le Maistre v. Baker, 268 Ala. 295, 299, 105 So. 2d 867, 870 (1958) ("The intent to award alimony in gross, binding upon the estate of a deceased [payor], should be unequivocally expressed or necessarily inferred from the language used, rather than extracted from phrases suggesting dubiety"). In this case, no party requested that the wife be awarded alimony in gross, much less in an aggregate amount of $18,000 payable in installments, and the trial court's remarks and directions to the parties' respective trial counsel reveal no intent to unequivocally and immediately vest a right to receive that amount in the wife. Thus, although the judgment at issue does not designate the $750-per-month payments in any particular manner, the circumstances leading to the preparation and rendition of the judgment yield a conclusion that the award at issue is one in the nature of periodic support, i.e., periodic or rehabilitative alimony, rather than a property settlement in the nature of alimony in gross as the husband contends.

Because the trial court, in its judgment, awarded the wife periodic or rehabilitative alimony within the scope of § 30-2-57 but did not make findings of fact required under subsection (a) (and conditionally under

12

subsection (b)) of that statute, we conclude that the judgment is due to be reversed and the cause remanded for entry of a new judgment of divorce in compliance with <u>Merrick</u> and its progeny interpreting and applying § 30-2-57.  In entering a new judgment in conformity with our mandate, the trial court will have the discretion to revisit all aspects of its previous judgment.  <u>See</u> <u>Cason v. Cason</u>, 378 So. 3d 552, 554 (Ala. Civ. App. 2022).

REVERSED AND REMANDED.

Moore, P.J., and Fridy and Lewis, JJ., concur.

Edwards, J., concurs in the result, without opinion.